PREFORM BUILDING COMPONENTS,
INC., a corporation of the State of Dela-
ware, Defendant Below, Appellant,

v.

Richard H. EDWARDS, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

June 14, 1971.

William Prickett of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellant.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer, Berl & Wise, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The appellee moves to dismiss this appeal on the ground that it was filed too late. The motion must be granted.

A judgment was entered against the defendant-appellant in the Superior Court, after jury trial, on October 15, 1970. On October 23, an order was entered extending until November 6 the defendant's time for filing a motion for new trial.[1] The motion was denied on January 21, 1971. This ap-

1. Superior Court Civil Rule 59(b) requires that a motion for new trial shall be "served and filed not later than ten days after the entry of judgment."

**698**

peal was taken on March 19, 1971 from the judgment of October 15, 1970. Obviously, the appeal was not taken within 60 days after the entry of judgment, as required by the law then prevailing. 10 Del. C. § 145.

■ The failure to perfect the appeal within 60 days after the entry of judgment is fatal. By the explicit provision of Superior Court Civil Rule 6(b),[2] the Superior Court lacked the power to enlarge the time for filing the motion for new trial. This lack of power was jurisdictional; the Superior Court had no power to entertain the untimely motion; and it is elementary that counsel could not confer the power and jurisdiction upon the Court by consent or otherwise. 6A Moore, Federal Practice, § 59.09[1]; John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co. (M.D.Pa.) 19 F.R.D. 379 (1956), aff'd (3 Cir.) 239 F.2d 815 (1956); compare Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964).

It follows that the extension of time for the filing of the motion for new trial was of no legal significance and a nullity. While the running of the statutory time for appeal is tolled by the filing of a timely motion under Rule 59, the statutory period for appeal may not be enlarged by an untimely Rule 59 motion. 6A Moore, Federal Practice, § 59.09[3].

■ There is no merit to the estoppel argument made by the appellant upon the basis of the consent said to have been given by the appellee's attorney to the extension of time for filing the motion for new trial. Jurisdictional questions, such as are here involved, are always in order.

Appeal dismissed.

2. Rule 6(b) provides as follows:

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions stated in them."