### In Re the Matter of: Gordon L. HALL[1],

v.

### Rachel E. MOORE.

### No. CS01–04093.

Family Court of Delaware, Sussex County.

Submitted: Aug. 27, 2003.
Decided: Sept. 22, 2003.

Gerard F. Gray, Georgetown, DE, for Gordon L. Hall.

Theresa M. Hayes, Georgetown, DE, for Rachael E. Moore.

HENRIKSEN, J.

This is the Court's decision on a Rule 59 Request for Reconsideration and/or Reargument filed by Gordon L. Hall ("father") on August 27, 2003. Also decided is a Motion that father has filed to extend the time in which to file his Motion for Reconsideration.

By way of background, a Commissioner's Order was entered from this Court on May 14, 2003, which increased father's obligation of child support. Father thereafter timely filed a Review of the Commissioner's Order. Father represented himself at both the Commissioner's support hearing, as well as on the papers he filed to seek a Review of the Commissioner's Order.

On August 8, 2003, this Judge entered an Order upholding the Commissioner's increase in support Order. The Order was mailed on August 13, 2003.

Father retained counsel who entered his appearance on August 25, 2003. On that same date, father's counsel filed the pending Motion for Extension of Time in Which to File a Motion for Reconsideration. Two (2) days later, on August 27, 2003, father, through the assistance of counsel, filed the pending Rule 59 Request for Reconsideration and/or Reargument.

---

1. Pseudonyms have been assigned to the parties to protect their identities.

For the reasons hereinafter stated, father's Motion for Extension of Time in Which to File a Motion for Reconsideration, as well as father's Rule 59 Request for Reconsideration, Reargument, and Permission to Present Additional Evidence at a *de novo* hearing, are both **DENIED**.

### *LEGAL STANDARD*

A Motion for New Trial and Reargument is governed by Family Court Civil Procedural Rule 59. Rule 59(a) states, in part, that, *"a new trial may be granted ... in the interest of justice."* The balance of the Rule establishes the time and procedure for filing such motions by the parties, or on the initiative of the Court. The Rule is mandatory as to the timing of the filing, where the Rule states that, *"the Motion for a new trial shall be served and filed not later than ten (10) days after the entry of judgment."*[2] (Emphasis added). A similar mandatory 10 day time period is required for a Motion to Alter or Amend a Judgment, as well as a Motion for Reargument.[3] Even where the Court may order a new trial on its own initiative, the Rule requires that it be ordered *"not later than 10 days after entry of judgment ..."*[4]

Family Court Civil Procedure Rule 6(b) deals with timing rules and when enlargements of times are permissible. Even in cases where a failure to act was a result of excusable neglect, the Rules specifically state that the Court *"may not extend the time for taking any action under Rules 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them."* Upon a review of Rule 59, the Court notes that there are no built in extensions of time to the ten (10) day limitation, except where the Court is re-

quested to allow a respondent additional time to file an Answer to a Motion for a New Trial which is accompanied by affidavits.

The Delaware Supreme Court, in *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697 (Del.1971), in discussing Superior Court Rules similar to the present Family Court Civil Procedural Rules 6 and 59, held that the Court lacked the power to enlarge the time for filing a Motion for New Trial, noting that the time period is jurisdictional. The *Preform Building Components* case, held that a Court could not extend the time for filing a Motion for New Trial even though the parties had so stipulated. In fact, the Supreme Court even went so far to say that, *"It follows that the extension of time for the filing of a Motion for New Trial was of no legal significance and a nullity."*[5]

In an even more dramatic scenario, a recent decision of the Family Court denied a Motion for New Trial/Reargument which was filed more than ten (10) days after the judgment was entered, despite the Court's delay in mailing the opinion, and despite an earlier Court Order which extended the deadline to file the Motion for Reargument because a Court employee had mistakenly given a party's attorney permission to file outside the jurisdictional time frame. On a subsequent Motion to Dismiss, the Court revisited its earlier grant of an extension of time in which to file the Motion for Reargument. The Court recognized that not even the Court had the power to extend the ten (10) day limitation in which a party may file a Motion for New Tri-

---

2. Family Court Civil P.R. 59(b).

3. Family Court Civil P.R. 59(d)(e).

4. Family Court Civil P.R. 59(c).

5. *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697 (Del.1971).

al/Reargument.[6] Although not dispositive of this prior case, this Family Court decision used the date of the opinion as the date of the entry of judgment, rather than the date of the mailing of the opinion.

### FINDINGS AND CONCLUSIONS

The Court's Order in the case *sub judice* was dated August 8, 2003 and mailed on August 13, 2003. For purposes of argument only, the Court will use the Order's mailing date of August 13, 2003, the most advantageous date to the movant, as the date of the Entry of Judgment. Applying Family Court Civil Procedural Rule 6(a), day one (1) of the time period is August 14, 2003. Once the time frame begins to run, father had ten (10) days to file his Motion for New Trial/Reargument.[7] Ten (10) days from August 14, 2003 would make the deadline for filing a Motion for New Trial/Reargument August 24, 2003. Since August 24, 2003 fell on a Sunday, the deadline was extended to August 25, 2003.[8]

On August 25, 2003, father, through his attorney, filed a Motion for Extension of Time. As noted in the previously-cited cases, the Court does not have the power to grant a Motion to Extend the Time for Filing a Request for New Trial/Reargument. Father's motion for extension of time must therefore be **DENIED**.

Having denied father's Motion for Extension of Time, it follows that father's Motion for New Trial/Reargument filed August 27, 2003 was also filed beyond the jurisdictional time requisites of Family Court Civil Procedural Rule 59. Accordingly, petitioner's Rule 59 Request for Reconsideration, Reargument and Permission to Present Additional Evidence at a *De Novo* hearing must also be, and is hereby, **DENIED**.

**IT IS SO ORDERED.**

---

6. *Ronald C.L. v. Doris S. L.,* 2000 WL 1658610 (Del.Fam.Ct.).

7. Family Court Civil P.R. 59(b)(e).

8. Family Court Civil P.R. 6(a).