IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD McLAUGHLIN,[1] | § | |
| | § | No. 401, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware, in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1104021773 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 23, 2015
Decided: March 23, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 23rd day of March 2015, it appears to the Court that:

(1) The appellant, Edward McLaughlin, has appealed the Superior Court's denial of postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). After careful consideration of the parties' briefs on appeal and the Superior Court record, the Court has concluded that the Superior Court judgment should be affirmed.

(2) The record reflects that McLaughlin was tried in 2011 and retried in 2012 on five counts of Rape in the Second Degree. The alleged victim was

---

[1] The Court notes that the appellant's last name is spelled "McLaughlin" in some court documents and "McLaughlan" in others.

McLaughlin's ten-year old step-daughter. McLaughlin's first trial ended in a mistrial when the jury was unable to reach a unanimous verdict. At the second trial, the jury found McLaughlin guilty on four of the five counts. On July 6, 2012, the Superior Court sentenced McLaughlin to one hundred years of Level V incarceration – twenty-five years for each count – followed by ten years of probation. On direct appeal, this Court affirmed the judgment of the Superior Court.[2]

(3) On July 23, 2013, McLaughlin moved for the appointment of counsel to assist him in filing his first motion for postconviction relief under Rule 61. McLaughlin's motion identified one "substantial ground for relief," namely that his trial counsel was ineffective when cross-examining the alleged victim. According to McLaughlin, trial counsel "failed to proffer any questions to the witness concerning the allegations, and, in so doing, did not challenge the veracity and integrity of the witness' testimony."

(4) By order dated July 25, 2013, the Superior Court appointed counsel (hereinafter "Counsel") to represent McLaughlin. Under the Rule, Counsel was required to assist McLaughlin in presenting "any substantial ground for relief."[3] If Counsel determined that McLaughlin's claim was "lacking in merit" and if

---

[2] *McLaughlan v. State*, 2012 WL 6645727 (Del. Dec. 19, 2012).

[3] Del. Super. Ct. Crim. R. 61(e)(1), now renumbered (e)(5).

2

Counsel was "not aware of any other substantial ground for relief," Counsel could file a motion to withdraw explaining "the factual and legal basis for [C]ounsel's opinion."[4]

(5)     On March 14, 2014, Counsel filed a motion to withdraw averring that he had carefully reviewed the record and determined that McLaughlin's ineffective assistance of counsel claim was without merit and that the record did not suggest any other grounds for relief.     In an answer opposing Counsel's motion, McLaughlin argued the merit of his "sole complaint . . . that trial counsel failed to effectively cross-examine the alleged victim."     McLaughlin explained that his "defense was that the events did not happen and that ulterior motive was the reason the [alleged victim] was making the statements," and that "[t]he key to the entire defense" was effective cross-examination of the alleged victim.

(6)     By memorandum opinion dated July 2, 2014, the Superior Court granted Counsel's motion to withdraw and denied postconviction relief on the basis that McLaughlin's ineffective assistance of counsel claim was without merit.[5] In response to the memorandum opinion, McLaughlin filed a letter on July 29, 2014, advising the court that he had not yet filed a motion for postconviction relief, and that the court's denial of "the Rule 61 where none had been filed [was] an

---

[4] Del. Super. Ct. Crim. R. 61(e)(2), now renumbered (e)(6).

[5] *State v. McLaughlin,* 2014 WL 2964945 (Del. Super. July 2, 2014).

3

error." The court considered McLaughlin's letter as a motion for reargument and, by order dated July 29, 2014, denied reargument.[6] This appeal followed.[7]

(7) On appeal, McLaughlin claims that the Superior Court "abrogated his constitutional right to challenge the validity of his conviction by way of collateral review." The claim is without merit. McLaughlin sought postconviction relief on the basis of one claim, that his trial counsel was ineffective when cross-examining the alleged victim. McLaughlin thoroughly addressed the ineffective counsel claim in his motion for appointment of counsel and answer to Counsel's motion to withdraw (hereinafter "submission").[8]

(8) McLaughlin asserts that he advised Counsel "of a plethora of violations he wanted to pursue" in addition to the ineffective counsel claim.[9] The record does not support that assertion. When answering Counsel's averment that

---

[6] The Court notes that McLaughlin's letter was not filed within five days of the filing of the memorandum opinion. Consequently, the Superior Court was without authority to rule on the letter as a motion for reargument. Del. Super. Ct. Crim. R. 57(d); Del. Super. Ct. Civ. R. 59(e). *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (citing *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971)).

[7] Although an untimely motion for reargument does not toll the time for filing an appeal, *Samuel v. State*, 2010 WL 3245109 (Del. Aug. 17, 2010) (citing *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004)), the Court notes that the notice of appeal in this case was timely filed on July 29, 2014 within thirty days of the docketing of the Superior Court's July 2, 2014 memorandum opinion. Del. Supr. Ct. R. 6(a)(iii).

[8] All total, McLaughlin's submission presented nine handwritten pages – the equivalent of twelve double-spaced typed pages – of well-developed argument.

[9] McLaughlin lists the violations as follows: "e.g., state's failure to prove indictment beyond a reasonable doubt, double jeopardy, ineffective assistance of trial counsel, failure to call witnesses, violation of confrontation clause, sufficiency of indictment, vindictive prosecution, prosecutorial misconduct in grand jury proceedings, etc."

4

"there are no other potential meritorious issues to raise in a motion for post-conviction relief," McLaughlin made no mention of any claims other than his "sole complaint . . . that trial counsel failed to effectively cross-examine the alleged victim."

(9) McLaughlin asserts, under *Castro v. United States*, that the Superior Court erred when it failed to notify him that it intended to consider his submission as a motion for postconviction relief.[10] The claim is without merit. The United States Supreme Court's decision in *Castro v. United States* governs federal courts and first federal habeas corpus petitions,[11] and the rationale for the *Castro* decision does not apply under the circumstances in this case.

(10) In this case, McLaughlin sought postconviction relief making it clear, not once but twice, that he had but one claim for relief. McLaughlin fully addressed the claim in his submission. When responding to Counsel's position that the claim was without merit and that "there [were] no other potential meritorious issues to raise in a motion for post-conviction relief," McLaughlin did not present additional claims for relief. Under these circumstances, the Court concludes that

---

[10] *Castro v. United States*, 540 U.S. 375 (2003).

[11] In *Castro*, the United States Supreme Court held that a federal court cannot convert a *pro se* litigant's motion into a first habeas corpus petition under 28 U.S.C. § 2255 unless the court first informs the litigant of its intent to do so, warns the litigant that any subsequent petition under § 2255 will be subject to the restrictions on "second or successive" petitions, and provides the litigant an opportunity to amend the motion so that it contains all the § 2255 claims the litigant believes he has. *Id.* at 383.

the Superior Court did not err when it considered and decided McLaughlin's claim for postconviction relief as presented in McLaughlin's submission. Furthermore, the Court concludes that, under these circumstances, the Superior Court was not required to notify McLaughlin of its intent to do so or to give him an opportunity to present additional claims for relief.

(11) Having carefully considered the parties' briefs and the record, we agree with the Superior Court's analysis of McLaughlin's ineffective counsel claim and conclude that the claim is without merit for the reasons stated in the court's memorandum opinion. It appears to the Court that the Superior Court properly analyzed McLaughlin's ineffective assistance of counsel claim under *Strickland v. Washington*.[12] The Superior Court denied the claim after concluding that trial counsel's cross-examination of the alleged victim did not fall below an objective standard of reasonableness as follows:

> Trial Counsel made a strategic decision in this case not to directly challenge the ten-year old alleged victim's story on cross-examination. His professional experience with juries, as well as basic common sense, likely led him to conclude that aggressively questioning a child witness posed a serious risk of prejudicing the jury against McLaughlin. Trial [C]ounsel instead relied on McLaughlin's own testimony to refute the story given by the victim, providing an alternative to conviction if the

---

[12] *See Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984) (holding that a defendant claiming ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness and was prejudicial).

6

jury found McLaughlin to be a more credible witness than the child victim. Furthermore, Trial Counsel had reason to believe that such a strategy could be effective because the first trial resulted in a hung jury: a result that was achieved using a similar line of questioning during cross-examination. Because this was a reasonable strategic decision in line with professional norms, Trial Counsel did not make an unprofessional error.[13]

The Superior Court also determined that McLaughlin was not prejudiced by trial counsel's conduct because it was "unlikely that aggressive cross-examination of the child victim would have had the effect [desired by McLaughlin] on the outcome of the trial"[14] given "the extremely sympathetic nature of the child victim and the impact that her testimony had on the jury."[15]

(12) Lastly, to the extent McLaughlin relies on an error in the memorandum opinion to support a claim that the Superior Court did not review the record, his claim is without merit. Although McLaughlin is correct that the memorandum opinion contains the misstatement "McLaughlin filed a Motion for

---

[13] *State v. McLaughlin,* 2014 WL 2964945, at *2 (Del. Super. July 2, 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

[14] *State v. McLaughlin,* 2014 WL 2964945, at *3 (Del. Super. July 2, 2014).

[15] *Id.*, at *2. The Court notes that McLaughlin argued in his submission that trial counsel's cross-examination of the alleged victim was so inadequate that it constituted a complete failure "to subject the prosecution's case to meaningful adversarial testing." *See United States v. Cronic*, 466 U.S. 648, 659 (1984) (holding that prejudice is presumed "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"). McLaughlin has not raised that argument in his opening brief, and on that basis the Court concludes that the argument is waived. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). Were we to consider the claim, however, we would conclude it is without merit.

7

Postconviction Relief on March 14, 2013,"[16] we conclude that the error is harmless.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[16] *State v. McLaughlin,* 2014 WL 2964945, at *1 (Del. Super. July 2, 2014). Neither the docket nor the record reflects such a filing.