# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| BRIAN MICHAEL KEUHN, | ) | |
| | ) | |
| Appellant/Plaintiff Below, | ) | |
| | ) | |
| v. | ) | C.A. No. N14A-12-001 FSS |
| | ) | |
| ANDREW CODY COTTER and | ) | |
| TRACY CAMPBELL, | ) | |
| | ) | |
| Appellees/Defendants Below. | ) | |

Submitted:  October 9, 2015
Decided: December 17, 2015

*Upon Appeal from the Court of Common Pleas*.
**DISMISSED.**

## OPINION AND ORDER

Brian Michael Keuhn, *pro se*.

William D. Fletcher, Jr., Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware, Attorney for Appellees/Defendants Below.

**WALLACE, J.**

## I. INTRODUCTION

This is the Court's decision on an appeal filed by Brian Michael Keuhn attempting to challenge multiple decisions of the Court of Common Pleas. Keuhn contests the Court of Common Pleas' decisions denying his pre-trial motions for summary judgment, default judgment, and dismissal for failure to prosecute, and denying his post-trial motion for a new trial. For the reasons set forth below, the Court does not have jurisdiction over this appeal and therefore it must be **DISMISSED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case has a long, tortured history that spans almost the entire breadth of the Delaware courts. Keuhn first brought his claim against Appellees Andrew Cody Cotter and Tracy Campbell in the Justice of the Peace Court in 2012. He sought to collect a purported debt of $750.00 from Cotter and Campbell. Keuhn alleged that he gave Cotter, a minor at the time, a loan to purchase a vehicle; Campbell, Cotter's mother, allegedly guaranteed the loan. According to Keuhn, Cotter made two payments on the loan and then refused to pay the balance.

The Justice of the Peace Court held trial in March 2012, and dismissed the matter with prejudice finding that: (1) as Cotter was a minor at the time the contract was made, it was not enforceable; and (2) there was insufficient evidence

-1-

of any alleged debt. Keuhn filed a timely Notice of Appeal to the Court of Common Pleas.

The Court of Common Pleas held trial in May 2012,[1] and also dismissed Keuhn's claim finding Delaware law does not allow a minor to make a legally enforceable contract before the age of majority due to lack of capacity. Keuhn filed a Motion for Reargument in the Court of Common Pleas that was denied.[2] He filed a Notice of Appeal to this Court.

This Court affirmed the Court of Common Pleas' decisions to deny Keuhn's Motion for Reargument in February 2013.[3] He appealed to the Delaware Supreme Court.

The Supreme Court reversed this Court's affirmance, finding that Cotter ratified the contract after he reached the age of majority. The Supreme Court ordered this Court to remand the claim to the Court of Common Pleas for further proceedings.[4]

---

[1]    Ct. Com. Pl. Civ. R. 72.3 (appeals from the Justice of the Peace Court to the Court of Common Pleas shall be by trial de novo).

[2]    *Keuhn v. Cotter*, 2012 WL 2951858, at *1-3 (Del. Ct. Com. Pl. July 20, 2012) (order dismissing appeal).

[3]    *Keuhn v. Cotter*, C.A. No. N12A-08-001 CHT, Toliver, J. (Del. Super. Ct. Feb. 6, 2013) (order dismissing appeal).

[4]    *Keuhn v. Cotter*, 2013 WL 5656205, at *1-2 (Del. Oct. 15, 2013) (order reversing Superior Court and ordering remand to the Court of Common Pleas).

### *Keuhn's Pre-Trial Motions After Remand*

Upon remand to the Court of Common Pleas, Keuhn filed three pre-trial motions: (1) a motion for summary judgment; (2) a motion for default judgment; and (3) a motion for "failure to prosecute." The Court of Common Pleas denied all three motions on September 11, 2014.[5] The original order contained a typo on the last page that incorrectly stated that the court granted Keuhn's motions; throughout the text of the order, however, the language clearly stated that Keuhn's motions were denied. And so, the Court of Common Pleas filed a corrected order confirming denial of Keuhn's motions on September 15, 2014.[6]

### *The Second Court of Common Pleas Trial*

Trial was held in the Court of Common Pleas on September 17, 2014. Before trial began, Keuhn dismissed his claim with prejudice against Campbell. Trial proceeded only against Cotter. During trial, Keuhn did not testify. He instead called Cotter to the stand. Cotter repeatedly testified that there was no balance on the loan. Keuhn provided no documentation to refute these claims.

In his defense, Cotter called Campbell to the stand. She explained that she and Keuhn agreed that after she paid $1,000.00, the debt would be satisfied.

---

[5]     *See Keuhn v. Cotter*, C.A. No. CPU4-12-001217 (Del. Ct. Com. Pl. Sept. 11, 2014) (order denying motions for summary judgment, default judgment, and failure to prosecute).

[6]     *See Keuhn v. Cotter*, C.A. No. CPU4-12-001217 (Del. Ct. Com. Pl. Sept. 15, 2014) (corrected order denying motions for summary judgment, default judgment, and failure to prosecute).

Campbell testified she paid Keuhn the $1,000. Cotter's grandmother, Betty Cullen, testified she was present for the conversation between Keuhn and Campbell, and confirmed that Keuhn agreed the debt would be satisfied once Campbell paid $1,000. Because there was insufficient evidence that a debt to Keuhn still existed, the Court of Common Pleas entered judgment for Cotter on September 17, 2014.

### *Keuhn's Post-Trial Motions*

Keuhn filed multiple post-trial motions. He filed motions for reargument of the September 15[7] denial of his motions for summary judgment, default judgment (characterized as a motion to strike), and failure to prosecute on September 23, 2014. And he filed his motion for a new trial on October 2, 2014. All were denied by the Court of Common Pleas on November 14, 2014.[8]

Keuhn filed a Notice of Appeal of the Court of Common Pleas' November 14th decision on December 2, 2014. The Court now considers Keuhn's appeal.

---

[7] This Court, giving Keuhn the benefit of the latest possible decision date to trigger his reargument motion, uses the date the Court of Common Pleas issued its corrected order denying his pre-trial motions.

[8] *See Keuhn v. Cotter*, 2014 WL 6092234, at *1-3 (Del. Ct. Com. Pl. Nov. 14, 2014) (order denying motions for reargument and a new trial).

## III. STANDARD OF REVIEW

This Court acts as an intermediate appellate court when considering appeals from the Court of Common Pleas.[9] Such appeals "shall be reviewed on the record and shall not be tried de novo."[10] Accordingly, the Court shall correct errors of law and "review the factual findings of the court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[11] Questions of law are reviewed *de novo*.[12]

## IV. THE PARTIES' CONTENTIONS

### A. Keuhn's Arguments

Keuhn contends that the Court of Common Pleas erred by: (1) permitting Cotter to deny the existence of a debt; (2) abusing its discretion by not treating "judicial admissions" as conclusive facts; (3) admitting Cotter's first trial exhibit; (4) allowing "erroneous arguments" to be introduced during trial; (5) misinterpreting facts; (6) abusing its discretion by not granting his September 15th

---

[9] *DiSabatino v. State*, 808 A.2d 1216, 1220 (Del. Super. Ct. 2002).

[10] *Jones v. Hertz Corp.*, 2014 WL 3401606, at *3 (Del. Super. Ct. July 8, 2014).

[11] *DiSabatino*, 808 A.2d at 1220.

[12] *Id.*

trial continuance request; and (7) abusing its discretion when it denied his application for an interlocutory appeal.[13]

### B. Cotter and Campbell's Arguments

In response, Cotter and Campbell argue that: (1) Campbell is no longer a party to this action because Keuhn dismissed his claim against her with prejudice; (2) Keuhn's appeal must be dismissed because his reargument and new trial motions were untimely; and (3) the Court of Common Pleas committed no legal error when it denied Keuhn's numerous motions.[14]

## V. DISCUSSION

### A. Because Keuhn dismissed his claim against Campbell with prejudice, no matter the disposition of this appeal, she is no longer a party to this litigation.

When trial commenced on September 17, 2014, Keuhn moved to dismiss his claim against Campbell with prejudice. His motion was granted, and trial proceeded against Cotter only.[15] Keuhn filed his appeal against both Campbell and Cotter, claiming that he dismissed his claim against Campbell "solely for the purposes of trial."[16] Without support, Keuhn says that his appeal against Campbell

---

[13]     *See* Keuhn's Opening Br. at 23-36.

[14]     *See* Appellees' Reply Br. at 6-12.

[15]     *See Keuhn v. Cotter*, 2014 WL 6092234, at *1-3 (Del. Ct. Com. Pl. Nov. 14, 2014) (order denying motions for reargument and a new trial).

[16]     Keuhn's Reply Br. at 8.

should proceed because: (1) the trial court made several errors; (2) Court of Common Pleas Civil Rule 41 does not apply to "the voluntary dismissal of just a party to a case,"; and (3) the trial revealed new evidence against Campbell.[17]

Keuhn is wrong. No litigant can dismiss a claim with prejudice for only part of the litigation. And Keuhn was so informed prior to his dismissal of his claim against Campbell:

> MR. KEUHN: I would like to make a motion to dismiss one party from [the] case and I would like to dismiss Mrs. Tracy Campbell as a defendant from the case with the request that she may also be sequestered as she may be called as a witness.
>
> MR. FLETCHER: Well, Your Honor, if I'm understanding what the plaintiff is suggesting is that he would like the Court to enter a judgment of dismissal as to defendant Tracy Campbell as to all claims in this litigation.
>
> THE COURT: Is that your motion?
>
> MR. KEUHN: To dismiss Tracy Campbell for the purposes of trial and judgment, as of today, yes . . .
>
> THE COURT: I don't think you get to resurrect it at a later date.
>
> MR. KEUHN: Okay.
>
> THE COURT: So, you move to dismiss her as a party defendant?

---

[17]     *Id.* at 8-9.

MR. KEUHN: Correct, Your Honor.[18]

"In Delaware, a dismissal with prejudice is considered an adjudication on the merits. When an action has been dismissed on its merits, the *res judicata* doctrine forecloses a losing party from reasserting for a second time the same cause of action against the same party."[19] Besides, as Campbell was not a party when the September 17, 2014 judgment was entered, there is no judgment as to her for Keuhn to appeal. Keuhn cannot, via appeal, resurrect an action against a party whom he voluntarily dismissed from the case earlier at a point when it appeared convenient to him. Consequently, Keuhn's appeal against Appellee Campbell is **DISMISSED**.

### B. Because Keuhn's motion for a new trial was untimely, his appeal to this Court was also untimely and thus, the Court is without jurisdiction to hear it.

Pursuant to 10 *Del. C.* § 1326, unsuccessful civil litigants in the Court of Common Pleas may appeal to this Court. But that appeal must be filed within 30 days of "any final order, ruling, decision or judgment."[20] If one does not take his

---

[18] *See* Transcript of Oral Argument at 15-16, *Keuhn v. Cotter*, No. CPU4-12-001217 (Del. Ct. Com. Pl. Sept. 17, 2014).

[19] *Kaufman v. Nisky*, 2011 WL 7062500, at *1 (Del. Super. Ct. Dec. 20, 2011) (citing *Savage v. Himes*, 2010 WL 2006573, at *3 (Del. Super. Ct. May 18, 2010)).

[20] DEL. CODE ANN. tit. 10, § 1326 (2015).

appeal within 30 days, this Court does not have jurisdiction to hear the appeal; so the appeal must be dismissed.[21]

"[T]he running of the statutory time for appeal is tolled by the filing of a timely motion under Rule 59."[22] But, "a motion for reargument will delay the finality of a judgment only if it is filed in a *timely* manner."[23] The same is true for a motion for a new trial.[24] Court of Common Pleas Civil Rule 59(e) requires that a motion for reargument be filed "within 5 days after the filing of the Court's opinion or decision."[25] A motion for a new trial must be filed "not later than 10 days after the entry of judgment."[26] In computing the due date for such motions, Saturdays, Sundays, and legal holidays are not counted.[27]

The Court of Common Pleas entered its initial judgment on Keuhn's motions for summary judgment, default judgment, and dismissal for failure to

---

[21] *See Malawi v. PHI Serv. Co.*, 2012 WL 6945506, at \*2 (Del. Super. Ct. Oct. 12, 2012) ("This Court lacks jurisdiction to decide a direct appeal that is untimely and jurisdictional defects cannot be waived. There is no remedy for an untimely appeal, as the Court lacks jurisdiction.").

[22] *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971).

[23] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) (emphasis added).

[24] *See Preform Bldg. Components*, 280 A.2d at 698 ("While the running of the statutory time for appeal is tolled by the filing of a timely motion [for a new trial] under Rule 59, the statutory period for appeal may not be enlarged by an untimely Rule 59 motion.").

[25] Ct. Com. Pl. Civ. R. 59(e).

[26] Ct. Com. Pl. Civ. R. 59(b).

[27] Ct. Com. Pl. Civ. R. 6(a).

prosecute on September 11, 2014. The Court of Common Pleas entered a revised judgment on September 15, 2014. Following trial, the court entered its judgment on the merits of the action on September 17, 2014. Keuhn's appeal of the final judgment and all pre-trial decisions had to be filed within 30 days of September 17, 2014, barring any timely filed motion to toll the time for such appeal.[28]

But Keuhn's motion for a new trial was untimely. A motion for a new trial must be filed within 10 days of entry of judgment, which in this case was the date of trial on September 17, 2014.[29] Untimely motions for a new trial do not toll the statute.[30] Keuhn filed his motion on October 2, 2014, one day after it was due. As a result, Keuhn's new trial motion did not toll his time to file an appeal of the

---

[28] The Court of Common Pleas's denial of Keuhn's pre-trial motions did not become final until judgment was entered following trial. *See Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del. 2002) ("A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."); *Gibbs v. City of Wilmington*, 2013 WL 1411236, at *3 (Del. Super. Ct. Mar. 27, 2013) ("[A] motion to dismiss that is denied cannot be appealed, a motion to dismiss that is granted can. A motion for summary judgment that is denied cannot be appealed, a motion for summary judgment that is granted can."). To the extent Keuhn believes his motion for reargument on his pre-trial motions tolled the time for him to file his appeal, it was also untimely. Untimely motions for reargument do not toll the time for appeal, and so the Court is without jurisdiction. *See Jarrell v. State*, 2015 WL 5765483, at *1-2 (Del. Super. Ct. Sept. 28, 2015) (dismissing appeal of motion for reargument because motion was untimely filed in the Court of Common Pleas); *Walls v. State*, 2008 WL 1778243, *2 (Del. Apr. 21, 2008).

[29] *See* Transcript of Oral Argument at 108-09, *Keuhn v. Cotter*, No. CPU4-12-001217 (Del. Ct. Com. Pl. Sept. 17, 2014) (denying judgment for Keuhn and entering judgment for Cotter).

[30] *See Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971) (dismissing appeal where motion for new trial filed under Superior Court Rule 59(b) was filed late); *see also Diesel & Equip. Specialists, Inc. v. Tull*, 1983 WL 473061, at *1 (Del. Super. Ct. Dec. 7, 1983) (reversing Court of Common Pleas's grant of motion for new trial where motion was filed late).

Court of Common Pleas' September 17, 2014 judgment. So, to be timely, the appeal had to be docketed by October 17, 2014. It was filed on December 2, 2014, untimely by over a month.

## VI. CONCLUSION

Because Keuhn's untimely motion for a new trial did not toll the 30-day requirement imposed by 10 *Del. C.* § 1326, his appeal is also untimely. Accordingly, the Court does not have jurisdiction to hear this appeal. And so Keuhn's appeal of the Court of Common Pleas's verdict and various judgments in this matter must be **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary
cc: Brian Michael Keuhn, via U.S. Mail
     All counsel via File & Serve