**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  July 7, 2021
Date Decided:  July 12, 2021

Mr. Maheswar Mikkilineni
64 Welsh Tract Road, #203
Newark, DE 19713

RE:  *Mikkilineni v. PayPal, Inc., et al.*
C.A. No. N19C-05-123 PRW CCLD

Dear Mr. Mikkilineni:

The Court is in receipt of your filing of July 7, 2021, which you caption a "Motion for enlargement of time under Rule 6(b) to submit a Request for reconsideration of the partial-Order on July 1, 2021." (D.I. 116).  You request this extension due to the length of the Court's July 1st order and your status as a self-represented plaintiff. *Id.*

As Superior Court Civil Rule 6(b)'s terms expressly state, the Court "may not extend the time for taking any action under Rule[] . . . 59(b), (d) and (e) . . . except to the extent and under the conditions stated in them."  Civil Rule 59(e) governs a motion for reargument,[1] and there is no exceptive provision to that rule's time

---

[1] The label attached by a litigant—"motion for reconsideration" or "motion for reargument"—is neither here nor there, any such application is governed by this Court's Civil Rule 59(e). *See Patterson-Woods & Assoc., LLC v. Independence Mall, Inc.,* 2019 WL 6329069, at *1 (Del. Super. Ct. Nov. 26, 2019) ("A motion for reconsideration or reargument is governed by Superior Court Civil Rule 59(e)."); *see also State v. Brown,* 2019 WL 2429402, at *1 n.11 (Del. Super. Ct. July 18, 2019) (where movant styled his request a "letter memorandum requesting . . . reconsideration" of the Court's prior order, the Court observed that "no matter the label, [Movant]'s is a motion for reargument under this Court's rules" and controlled by Civil Rule 59(e)).

deadline stated therein.  Indeed, under long-settled Delaware law, this Court has no authority to extend the time in which to move for reargument.[2]  And this Court would have no jurisdiction to consider the substance of any untimely motion for reargument.[3]

Consequently, Mr. Mikkilineni, your motion made under Superior Court Civil Rule 6(b) must be **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve

---

[2]  *See Hessler, Inc. v. Farrell,* 260 A.2d 701, 701 n.1 (Del. 1969) (Under Civil Rule 6(b), this Court "has divested itself of the power to enlarge the time for a motion for reargument.").

[3]  *Lewis v. Coupe,* 2016 WL 6081825, at *1 (Del. Oct. 17, 2016) (concluding that this Court "would have lacked jurisdiction to consider" the substance of an untimely motion for reargument) (citing *Boyer v. State,* 2007 WL 452300, at *1 (Del. 13, 2007) and *Preform Building Components, Inc. v. Edwards,* 280 A.2d 697, 698 (Del. 1971)); *Gunn v. Zurich American Ins. Co.,* 2013 WL 1859349, at *1 (Del. Super. Ct. Apr. 29, 2013) ("If a motion for reargument is untimely filed, this Court lacks jurisdiction to consider the motion.").