**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: February 10, 2022
Decided: March 9, 2022
Withdrawn and Reissued with Clarifications: April 1, 2022

Mr. David R. Wright
SBI# 158184
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> RE: *State v. David R. Wright*
> I.D. No. 0802023870
> Request for Certificate of Eligibility under 11 *Del. C.* § 4214(f)

Dear Mr. Wright:

On March 9, 2022, the Court issued a letter order denying your request for a certificate of eligibility to seek review and modification of your sentence under Title 11, Section 4214(f).[1] Two weeks later you "move[d] the court reconsider the certificate of eligibility and grant [your] review status"—that is, you seek reargument of the Court's earlier denial.[2]

In Delaware, there is no specific criminal rule governing motions for

---

[1]  D.I. 105.

[2]  D.I. 106. No matter the label or wording, yours is a motion for reargument under this Court's rules. *See Samuel v. State,* 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) ("A timely-filed motion for reargument is 'the proper device for seeking reconsideration" of [this Court]'s findings of fact and conclusions of law.") (citations omitted); *State v. Brooks*, 2008 WL 4350085, at *1 n.10 (Del. Super. Ct. Feb. 12, 2008) ("[A] motion for reconsideration is tantamount to a motion for reargument" so Rule 59(e) and its standards apply); *State v. Brown*, 2019 WL 3249402, at *1-2 (Del. Super. Ct. July 18, 2019) (same as to application of Rule 59(e)'s timeliness requirement).

reargument.[3]  Under Superior Court Criminal Rule 57(d), however, the Court "regulate[s] its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."[4]  Thus, Superior Court Civil Rule 59(e) is controlling in this criminal matter.[5]

And under that rule, your motion for "reconsideration" (*i.e.*, reargument) had to be served and filed within five days of this Court's March 9th denial order.[6] So you had until March 16th to serve and file your motion for reargument.[7]  Your reargument motion was docketed a week thereafter—on March 23, 2022—and is, therefore, untimely.[8]  Under settled Delaware law, this Court has no authority to extend the time in which to move for reargument.[9]  And because your reargument motion is untimely, this Court has no jurisdiction to consider it.[10]  On

---

[3]   *State v. Binaird*, 2016 WL 1735504, at *1 n.2 (Del. Super. Ct. Apr. 26, 2016); *State v. Zachary*, 2013 WL 5783388, at *1, n.1 (Del. Super. Ct. Sept. 23, 2013).

[4]   DEL. SUPER. CT. CRIM. R. 57(d).

[5]   *Dickens v. State*, 2004 WL 1535814, at *1 n.3 (Del. June 25, 2004); *Parker v. State*, 2001 WL 213389, at *1 n.4 (Del. Feb. 26, 2001); *Binaird*, 2016 WL 1735504, at *1 n.2; *Zachary*, 2013 WL 5783388, at *1, n.1.

[6]   DEL. SUPER. CT. CIV. R. 59(e) (made applicable by DEL. SUPER. CT. CRIM. R. 57(d)); *Haskins v. State*, 2008 WL 644200, at *1 (Del. March 11, 2008); *Zachary*, 2013 WL 5783388, at *1 n.1.

[7]   *See* DEL. SUPER. CT. CRIM. R. 45(a) (excluding Saturdays, Sundays, and legal holidays when a given period of time prescribed or allowed is less than 11 days).

[8]   *See Colon v. State*, 2008 WL 5533892 (Del. Nov. 13, 2008) (motion to reargue filed by inmate six days after the filing of the order sought to be reargued was untimely); *Samuel,* 2010 WL 3245109 (motion to reargue filed by inmate one day after the five-day filing deadline was untimely).

[9]   *Colon*, 2008 WL 5533892, at *1 (citing DEL. SUPER. CT. CIV. R. 6(b)); *Hessler, Inc. v. Farrell,* 260 A.2d 701, 701 n.1 (Del. 1969) (Under Civil Rule 6(b), this Court "has divested itself of the power to enlarge the time for a motion for reargument.").

[10]   *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (concluding that this Court, "in fact, had no jurisdiction to consider" substance of an untimely motion for reargument) (citing *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971));

that basis alone your present motion must be denied. But you would fare no better were the Court to apply 11 *Del. C.* § 4214(f) and the Court's Special Rule of Procedure 2017-1—both of which govern the substantive relief you seek. The Court here reiterates why that is so with some clarifications addressing your apparent confusion over just how that statute and court rule operate.

In short, you suggested in your initial request that the Court should grant you a certificate of eligibility to seek § 4214(f) relief because you believe others who have received one may have served a shorter period of time than you have thus far.[11] That may indeed be true. But pointing out that simple fact does nothing to satisfy the exacting requirements for § 4214(f) eligibility in your individual case.[12] And so, for the sake of completeness, the Court reviewed: your request; the record in your case; and, the applicable law and Court rules.

You are serving a habitual criminal sentence for each of your five felony convictions in this case, at least three of those are clearly for violent felonies— Robbery First Degree (S08-02-1094I), Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF) (S08-02-1095I), and Kidnapping Second Degree (S08-02-1098I).[13] Prior to sentencing, the State had moved to have your habitual criminal status applied to each of your five convictions, including those three violent felonies just mentioned.[14] And the Court granted that motion.[15] That means at least the first 65 years of your 74-year imprisonment

*Brooks v. State*, 2008 WL 5250269, at *1 (Del. Dec. 18, 2008) ("It is well-settled that the Superior Court has no jurisdiction to consider an untimely motion for reargument."); *Samuel,* 2010 WL 3245109, at *1 ("If a motion for reargument is untimely filed, the motion cannot be considered by the Superior Court.").

[11]  *Id.* (citing *State v. McDougal*, 2020 WL 4384088 (Del. Super. Ct. July 31, 2020)).

[12]  *See State v. Lewis*, 2018 WL 4151282, at **1-2 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019) (describing the requirements that must be met before the Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)).

[13]  Sentencing Order, *State v. David R. Wright*, ID No. 0802023870 (Del. Super. Ct. Jan. 9, 2009) (D.I. 34).

[14]  Habitual Criminal Petition, *State v. David R. Wright*, ID No. 0802023870 (Del. Super. Ct. Jan. 6, 2009) (D.I. 32).

[15]  D.I. 33.

term were required to be imposed under then-extant 11 *Del. C.* § 4214(a).[16]  And the effective date of that sentence is no earlier than January 9, 2009.[17]

Under § 4214(f), a habitual criminal serving a sentence under the pre-2016 Habitual Criminal Act is eligible for sentencing relief only "after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by th[e current provisions of the Habitual Criminal Act] or the statutes describing said offense or offenses, whichever is greater."[18]  You are correct that Spec. R. 2017-1(c) does allow, in the proper circumstance, the Court to grant § 4214(f) relief on more than one count in a single sentencing order.[19]  But each individual count must be eligible for § 4214(f) relief.  And in your case,

---

[16]  DEL. CODE ANN. tit. 11, § 4214(a) (2007) (providing for a minimum mandatory sentence equal to the statutory maximum for each violent Title 11 triggering felony); *id.* at §§ 832, 4201(c) and 4205(b)(2) (maximum sentence for first-degree robbery, a violent class B felony, was 25 years at Level V at the time of this your crimes); *id.* at §§ 1447, 4201(c) and 4205(b)(2) (maximum sentence for PDWDCF, a violent class B felony, was 25 years at Level V at the time of this your crimes); *id.* at §§ 783, 4201(c) and 4205(b)(3) (maximum sentence for the violent class C felony of second-degree kidnapping was, at the time of your crimes, 15 years at Level V); and, *id.* at § 3901(d) (providing at the time of your crimes that no sentence of confinement for any crime could be made to run concurrently with any other sentence of confinement imposed).

Where the State files a substantively adequate motion for application of one's habitual offender status and that motion becomes the basis for a finding of the existence of his habitual offender status, this Court must apply that habitual offender status to each specific count—no more or no less—advanced by the State. *Kirby v. State*, 1998 WL 184492, at *2 (Del. Apr. 13, 1998); *Reeder v. State*, 2001 WL 355732, at * 3 (Del. Mar. 26, 2001); *Hawkins v. State,* 2002 WL 384436, *2 (Del. Mar. 6, 2002); *Johnson v. State*, 2002 WL 1343761, at *2 (Del. June 18, 2002).

[17]  Sentencing Order, at 1.  The Court notes you were sentenced in another habitual criminal case just months earlier.  Sentencing Order, *State v. David R. Wright*, ID No. 0801021840 (Del. Super. Ct. Apr. 18, 2008) (D.I. 11).

[18]  DEL. CODE ANN. tit. 11, § 4214(f) (2021).

[19]  DEL. SUPER. CT. SPEC. R. 2017-1(d)(7) ("If judgments of sentence under the prior provisions of 11 *Del. C.* § 4214 were entered on more than one offense at the same time because of joinder of offenses in one indictment, in one plea of guilt, or in one trial, the petitioner may seek modification of each such judgment of sentence in the petition.").

not one of the individual violent felony counts—not the first-degree robbery, nor the PDWDCF, nor the second-degree kidnapping—is individually time-served eligible, because in your case the minimum mandatory for each is just the same under the old and new versions of the Habitual Criminal Act. So under the current provision of the Habitual Criminal Act that appears to apply to you—§ 4214(c)—the resulting habitual criminal portion of your sentence would be the same: a minimum mandatory term of 65 years of unsuspended imprisonment.[20] And resultingly, you are not eligible for relief under 11 *Del. C.* § 4214(f); you do not meet the statute's time-served eligibility requirement.[21]

---

[20] *See* DEL. CODE ANN. tit. 11, § 4214(c) (2021) (habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony); *see also Hawkins, supra.* (this Court must apply one's habitual status to each triggering conviction upon which the State moves in its petition); *see also Fountain v. State*, 139 A.3d 837, 842-43 (Del. 2016) (changes to § 3901(d) that might now allow some concurrent sentencing for multiple convictions arising out of same criminal conduct do not apply retroactively to inmates convicted and sentenced before 2014 Amended Sentencing Act's effective date—July 9, 2014); *State v. Thomas*, 220 A.3d 257, 264 (Del. Super. Ct. 2019) (same for changes to § 3901(d) wrought by the 2019 Amended Sentencing Act).

Given the posture of this request, the Court could not and need reckon your definitive categorization under the current Habitual Criminal Act. *See Lewis*, 2018 WL 4151282, at *2 ("Occasionally . . . because statutory tiering under the revised Habitual Criminal Act is based on considerations such as whether a predicate felony conviction was for a Title 11 violent felony—something that was of no moment to the State when filing, nor the Court when granting a habitual criminal petition under the old law—the Court must . . . conduct a more searching inquiry into the inmate's conviction history."). But just a passing examination of the habitual criminal petitions filed around the time of your sentencing (Case ID Nos. 0801021840 and 0802023870) reveals that even on your best possible day under current law, you would have to serve a minimum mandatory term of 37½ of unsuspended imprisonment. *See, e.g.,* DEL. CODE ANN. tit. 11, § 4214(b) (2021) (one sentenced under that current provision must receive a minimum sentence of not less than one-half the statutory maximum penalty otherwise provided for each triggering Title 11 violent felony moved for in the State's habitual criminal petition).

[21] *State v. Harris*, 2022 WL 472518, at *1 (Del. Super. Ct. Feb. 14, 2022) (inmate must meet both the type-of-sentence **and** the time-served requirement to be eligible for review under 11 *Del. C.* § 4214(f)); *id.* at *4 (explaining analysis under the time-served requirement).

Therefore, your request for a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) is **DENIED**, with prejudice.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge


cc:     Criminal Prothonotary – Sussex County
        Honorable Craig A. Karsnitz
        David Hume, IV, Chief Prosecutor, Sussex County