**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

JUAN ORTIZ,                           )
                                        )

    Plaintiff-Below/Appellant,     )
                                          )

           v.                         )     C.A. No. CPU4-16-000625
                                          )

PAUL WARFIELD, et. al.,         )
                                          )

    Defendants-Below/Appellees.   )
                                          )

Submitted: March 14, 2016
Decided: April 12, 2016

Juan Ortiz, SBI# 194247
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
 *Pro Se Appellant*

Stuart B. Drowos, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
 *Attorney for Appellees*

**ORDER AND MEMORANDUM OPINION ON**
**APPELLANT'S MOTION FOR REARGUMENT**

Juan Ortiz ("Appellant") brings this Motion for Reargument pursuant to *Court of Common Pleas Civil Rule* 59(e) (the "Motion"). Appellant seeks to reargue this Court's Order of February 26, 2016, which dismissed the Appellant's appeal for being filed in an untimely manner. This is the Court's final decision and Order.

## FACTS AND RELEVANT PROCEDURAL POSTURE

On January 15, 2015, Appellant filed a claim against Paul Warfield, et. al., ("Appellees") in the Justice of the Peace Court, alleging that on August 20, 2014, Appellees broke Appellant's radio while conducting a shakedown at James T. Vaughn Correctional Center ("JTVCC"). Appellant initially submitted his claim to the grievance board, which voted in his favor, however the Appellees denied the relief. Thus, Appellant sought damages in the amount of $179.00 plus the cost of filing to repair or replace the radio.

On March 26, 2015, Appellees filed a Motion for Summary Judgment, arguing that Appellant failed to establish a prima facie case of trespass that, the Doctrine of Sovereign Immunity bars the claim, therefore depriving the Court of subject matter jurisdiction, and that the Doctrine of Qualified Immunity acts an additional bar to Appellant's claim.[1] On February 1, 2016, the Justice of the Peace Court granted the Motion, and dismissed the case with prejudice (the "Order"). The Clerk of the court docketed the court's Order that same day and sent a copy to both parties.

On February 22, 2016, the Appellant filed a Notice of Appeal with this Court. On February 26, 2016, the Court dismissed the Appeal *sua sponte* because it was not timely filed as proscribed by *Court of Common Pleas Civil Rule* 72.1(e). On March 2, 2016, the Clerk of the Court docketed the Court's Order and sent a letter to the Appellant notifying him of the Court's decision. On March 14, 2016, Appellant filed the present Motion for Reargument.[2]

---

[1] *Ortiz v. Warfield, et. al.*, Del. J.P., C.A. No. JP-9-15-000154, at ¶ 2-4, McCormick, J. (February 1, 2016)
[2] Appellant titled his motion as a motion for reconsideration.

## APPELLANT'S CONTENTIONS

In his Motion, Appellant alleges that on February 5, 2016, the corrections center received the Justice of the Peace Court's Order, which was dated February 1, 2016.[3] Appellant further maintains that he did not receive the Justice of the Peace Court's Order until February 6, 2016.[4] He then placed his appeal in the prison mail scheduled to be sent out on February 14, 2016.[5] Appellant argues that his appeal was timely for two reasons: (1) "the starting of the clock to [appeal] is triggered by service . . . [t]he day of service being excluded from the calculation of time," and (2) the federal prison mailbox rule established in *Houston v. Lack* is applicable because he is a pro se litigant who is incarcerated.[6]

In regards to the first argument, Appellant does not cite a specific rule that he wishes the Court to examine. The Court has carefully reviewed Appellant's argument, and for purposes of this Motion, will take he is referring to 10 *Del. C.* § 3104(g) and *Court of Common Pleas Civil Rule* 6(e), which seem to correspond to Appellant's contentions. Appellant argues that the tolling of time to appeal began when he received the Justice of the Peace Court's Order in his hands on February 6, 2016, which would make his filing date of February 22, 2016 timely. Appellant also argues that he should be afforded more consideration with respect to the timing of his filing given his status as an incarcerated pro se litigant. Ultimately, Appellant requests that the Court grant the present Motion for Reargument.

---

[3] Appellant's Motion for Reargument, ¶ 2.
[4] *Id.* at ¶ 2.
[5] *Id.* at ¶ 3.
[6] Appellant's Motion for Reargument, ¶ 4-5 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

## DISCUSSION

In addressing the Appellant's arguments, the Court will address: (1) Whether Appellant filed the Motion in a timely manner; (2) Whether 10 *Del. C.* § 3104(g) or *Court of Common Pleas Civil Rule* 6(e) applies to the time limitation for appeals; and, (3) Whether the federal prison mailbox rule applies.

### I.     Untimely Filing of Motion for Reargument

*Court of Common Pleas Civil Rule* 59(e) governs motion for reargument, which provides: "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision . . . ." When computing this period of time, *Court of Common Pleas Civil Rules* 6(a) provides:

> The day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday or Sunday, or legal holiday, or other on which the office the Clerk of the Court is closed, in which event the period shall run until the end of the next day on which the office of the Clerk of Court is open. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in computation . . . .

Rule 6(e) states: "[w]henever a party has the right . . . to do some act or take some proceeding within a prescribed period after being served and service is by mail, 3 days shall be added to the prescribed period." However, the Delaware Supreme Court found that Rule 6(e) does not apply to motions for reargument.[7] Appellant's Motion is untimely because he filed the Motion on March 14, 2016, which was eight business days after the Court dismissed the Appeal on March 2, 2016. Appellant's tolling deadline to file a motion for reargument was on March 9, 2016. Nonetheless, the Court will address Appellant's arguments.

---

[7] *McDaniel v. Daimler Chrysler Corp.*, 860 A.2d 321, 323 (Del. 2004)

4

## II.    Service by Mail Time Extension for Appeals

This Court's jurisdiction over appeals from the Justice of the Peace is strictly governed by statute, specifically 10 *Del. C.* § 9571 and not *10 Del. C.* § 3104(g).[8]  An appeal brought pursuant to § 9571 "shall be taken within fifteen days of the final judgment."[9]  Pursuant to 10 *Del. C.* § 9571(d), "[t]he Court of Common Pleas shall establish [the] appeal procedures . . . ." *Court of Common Pleas Civil Rule* 6(e), again states: "[w]henever a party has the right . . . to do some act or take some proceeding within a prescribed period after being served and service is by mail, 3 days shall be added to the prescribed period."  The service-of-mail time extension provided in Rule 6(e) only applies to parties serving papers upon another party; it does not apply to time limitation governing appeals.[10]  "Thus, when a party fails to perfect an appeal within the proscribed time period under § 9571, 'a jurisdictional defect is created which may not be excused in the absence of unusual circumstances [that] are *not attributable to the appellant* or the appellant's attorney.'"[11]  "Under this caveat, the Court may exercise jurisdiction over an untimely appeal where the untimeliness is attributable to court personnel."[12]  "In support of such a claim, an appellant must present credible evidence attributing the delay to court personnel."[13]

Appellant contends that he timely filed the appeal because the time period did not begin until February 6, 2016, when he received the notice of the Justice of the Peace Court's Order granting Appellee's motion for summary judgment.  If the time period began on February 6,

---

[8] Statute 10 Del. C. § 3104(g) governs service by mail between parties and not between parties and the Court.
[9] 10 *Del. C.* § 9571(b).
[10] *Genesis Health Ventures v. Horne,* 2008 WL 2331983, at *1 (Del. Super. May 30, 2008)
[11] *Short v. Johnson,* 2015 WL 1609328, at *1 (Del. Com. Pl. Mar. 30, 2015) (citing *Riggs v. Riggs,* 539 A.2d 163, 164 (Del. 1988) (citing *Bey v. State,* 402 A.2d 362, 363 (Del. 1979)) (emphasis added).
[12] *Short v. Johnson,* 2015 WL 1609328, at *1 (Del. Com. Pl. Mar. 30, 2015) (citing *Palmer v. DCSE,* 32 A.3d 989 at *1 (TABLE) (Del. 2011) (citing *Bey v. State,* 402 A.2d 362, 363 (Del. 1979)).
[13] *Short v. Johnson,* 2015 WL 1609328, at *1 (Del. Com. Pl. Mar. 30, 2015) (citing *Robert REED v. CLARK's Swimming Pools, Inc.,* 1997 WL 1737122, at *3 (Del. Com. Pl. Sept. 19, 1997).

2016 the tolling deadline would indeed be February 22, 2016. However, this argument appears to rely on 10 *Del. C.* § 3104(g) and Rule 6(e), neither of which apply to the strict time limitation on appeals. Instead, 10 *Del. C.* § 9571 governs,[14] and therefore, the time period to appeal started on February 1, 2016. The Justice of the Peace Court Docket reflects that on February 1, 2016, the Clerk of the court docketed the court's order, and sent a copy of the order to both parties; thus, the tolling deadline to appeal occurred on February 16, 2016. Furthermore, Appellant does not present any evidence of or attribute any fault to court personnel for the untimely filing of the appeal. Under this circumstance, Appellant untimely filed the appeal.

## III.    Prison Mailbox Rule

As stated *supra*, this Court's jurisdiction over appeals from the Justice of the Peace is strictly governed by statute, specifically 10 *Del. C.* § 9571. An appeal brought pursuant to § 9571 "shall be *taken* within fifteen days of the final judgment."[15] Section 9571(d) also provides that: "[t]he Court of Common Pleas shall establish [the] appeal procedures . . . ." Under *Court of Common Pleas Civil Rule* Rule 72.1(b), "[w]hen an appeal is permitted by law, a party may appeal by filing a notice of appeal with the Clerk of the Court of the appropriate county within the time prescribed by statute."

Appellant argues that the Court should apply *Houston v. Lack*, which established the federal prison mailbox rule. "In [*Lack*], the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed 'filed' at the moment of delivery to prison authorities for forwarding to the court."[16] Appellant claims he placed his appeal in the prison mail on February 14, 2016, which, under the rule from *Lack* would make his appeal timely. However, in *Smith v. State*, the Delaware Supreme Court held that the unambiguous language of Delaware statute's

---

[14] *Genesis Health Ventures v. Horne*, 2008 WL 2331983, at *1 (Del. Super. May 30, 2008)
[15] 10 *Del. C.* § 9571(b) (emphasis added).
[16] *Smith v. State*, 47 A.3d 481, 483 (Del. 2012) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

and procedural rules "preclude[] [the Court] from adopting the prison mailbox rule—or a tolling analysis that reaches the same result—by judicial decision alone."[17] This Court will adopt the Supreme Court's reasoning and not adopt the federal prison mailbox rule because the governing laws in this case, 10 *Del. C.* § 9571 and Rule 72.1(b), are unambiguous. Appellant filed his appeal on February 22, 2016, the day in which the Court received the filing, as reflected in the docket. This was after the tolling deadline of February 16, 2016. Therefore, the appeal is untimely.

## CONCLUSION

For the foregoing reasons, Appellant's Motion for Reargument is **DENIED**. Appellant's appeal was untimely filed, and as a result, this Court lacks jurisdiction under 10 *Del. C.* § 9571.

**IT IS SO ORDERED** this ___ Day of April, 2016.

Robert H. Surles,
Judge

---

[17] *Smith v. State*, 47 A.3d 481, 486 (Del. 2012)