Carol A. McDANIEL, Plaintiff Below–Appellant,

v.

DAIMLERCHRYSLER CORP., Defendant Below–Appellee.

No. 214, 2004.

Supreme Court of Delaware.

Submitted: Sept. 9, 2004.
Decided: Oct. 26, 2004.

Christopher J. Curtin, Erisman & Curtin, Wilmington, for appellant.

Jonathan L. Parshall, Murphy, Spadaro & Landon, Wilmington, for appellee.

Before STEELE, Chief Justice, HOLLAND, and BERGER, Justices.

HOLLAND, Justice:

The plaintiff-appellant, Carol McDaniel, filed this appeal on May 20, 2004 from two orders of the Superior Court. The first order, dated February 5, 2004, granted summary judgment to the defendant-appellee, DaimlerChrysler Corporation (DCC). The second order, dated April 26, 2004, denied McDaniel's motion for reargument on the alternative grounds that the motion was untimely and that it lacked merit.

DCC has filed a motion to dismiss in part and affirm in part. According to DCC, this Court has lacks jurisdiction to consider the merits of McDaniel's appeal from the Superior Court's summary judgment ruling because McDaniel failed to file a timely notice of appeal from that final order. DCC notes that, while a timely motion for reargument would have suspended the finality of the judgment and thus tolled the appeal period, McDaniel did not file her motion for reargument in a timely manner. In addition, DCC moves to affirm the Superior Court's denial of McDaniel's motion for reargument on the ground that it is manifest on the face of McDaniel's opening brief that her appeal is without merit. DCC argues that the Superior Court did not abuse its discretion in denying McDaniel's untimely motion for reargument.

McDaniel asserts two alternative arguments in response to DCC's motion. First, McDaniel claims that her appeal is timely because the summary judgment ruling did not become final until the Superior Court ruled on DCC's motion for costs, which occurred on April 26, 2004. Second, McDaniel asserts that her motion for reargument was timely filed because she followed the time computation rules set forth

in *Taylor v. Reddy*.[1] Thus, according to McDaniel, the summary judgment ruling was not final until the motion for reargument was denied.

■ We have considered the parties' positions. Contrary, to McDaniel's first assertion, this Court has held that "the pendency of a motion for costs *alone* does not delay the finality of a judgment on the merits."[2] The cases cited by McDaniel involved issues of attorneys fees. As we noted in *Emerald Partners*, a pending motion for attorneys fees delays the finality of a judgment on the merits; a pending motion for costs alone does not. Consequently, in this case, DCC's motion for costs did not affect the finality of the Superior Court's summary judgment ruling.

■ With respect to McDaniel's second assertion, a motion for reargument will delay the finality of a judgment only if it is filed in a timely manner.[3] In this case, McDaniel's motion for reargument of the Superior Court's February 5, 2004 summary judgment ruling was not filed until February 18, 2004. McDaniel cites *Taylor v. Reddy*[4] in support of her contention that the five-day reargument period, which does not include holidays or weekends, can be extended by three additional days because the Superior Court mailed its summary judgment decision to her.[5]

■ Superior Court Civil Rule 59(e), however, clearly states that a motion for reargument "shall be served and filed within 5 days after the filing of the Court's opinion or decision."[6] Since 1991, when the Superior Court issued the order in *Taylor v. Reddy*, both the Superior Court and this Court have rejected the contention that the five-day reargument period can be expanded by three days when the decision appealed is mailed to the parties.[7] We again reject that contention. The reargument period cannot be enlarged.[8]

This Court lacks jurisdiction to consider McDaniel's untimely appeal from the February 5 summary judgment ruling.[9] The Superior Court did not abuse its discretion in denying her untimely motion for reargument. Accordingly, it is manifest on the face of McDaniel's opening brief that her appeal is without merit.

DCC's motion to dismiss in part and affirm in part is granted. The appeal from the grant of summary judgment is dismissed and the judgment of the Superior Court denying McDaniel's motion for reargument is affirmed.

1. 1991 WL 35681 (Del.Super.Mar.12, 1991).

2. *Emerald Partners v. Berlin,* 811 A.2d 788, 791 (Del.2001) (emphasis added).

3. *See Preform Bldg. Components, Inc. v. Edwards,* 280 A.2d 697, 698 (Del.1971) (holding that, while a timely motion for reargument tolls the appeal period, an untimely motion does not).

4. 1991 WL 35681 (Del.Super. Mar. 12, 1991).

5. McDaniel's acknowledges that the Superior Court informed her on February 5 that the summary judgment decision had been rendered. McDaniel did not pick up a copy of the decision and, therefore, it was mailed to counsel.

6. DEL. SUPER. CT. CIV. R. 59(e).

7. *See, e.g., Harris v. Department of Corrections,* 741 A.2d 16, 1999 WL 971085 (Del.1999); *Duffy v. State,* 707 A.2d 766, 1998 WL 138945 (Del.1998); *Spry v. Gill,* Del.Supr., No. 404, 1993, 639 A.2d 74, Moore, J. (Feb. 17, 1994); *Kern Co. v. Town of Dewey Beach,* 1994 WL 146729 (Del.Super. Mar. 15, 1994).

8. DEL. SUPER. CT. CIV. R. 6(b).

9. *Riggs v. Riggs,* 539 A.2d 163, 164 (Del. 1988).