DOUGLAS WASS,[1] Respondent BelowA-ppellant,
v.
PAMELA WASS, Petitioner Below-Appellee.
No. 476, 2007
Supreme Court of Delaware.
Submitted: August 20, 2008.
Decided: November 10, 2008.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 10th day of November 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Douglas Wass ("Husband"), filed this appeal from an order of the Family Court dated June 22, 2007 and an order dated August 8, 2007, which denied Husband's motion for reargument. Wife has filed a motion to affirm the Family Court's judgment on the ground that the only judgment properly before this Court on appeal is the August 8, 2007 judgment, and that judgment should be affirmed because it is manifest on the face of Husband's opening brief that the Family Court did not err or abuse its discretion in denying Husband's motion for reargument as being untimely filed. We agree and affirm.
(2) The record reflects that the parties were divorced in 1999 after a twenty-seven year marriage. The marital estate was valued at close to $2 million. The Family Court issued a decision on equitable distribution of the marital estate in 2003. That order essentially divided the marital estate equally between the parties and ordered the parties to cooperate in effectuating the division of specific marital assets. Neither party appealed that decision. In 2005, the Family Court held a status hearing to attempt to assist the parties with carrying out the property division order, which the parties had been unable to accomplish on their own. Husband, who appeared at the hearing without a lawyer, raised several objections to asset valuations contained in the trial court's 2003 order, despite having never sought any written relief from the earlier judgment. The trial court rejected Husband's belated attempts to modify the 2003 order.[2] The trial court entered a modified ancillary order on June 22, 2007, which, for the most part, reflected the substance of the 2003 order but set forth each party's obligations with greater particularity by setting deadlines for the division of specific assets.
(3) On July 6, 2007, Husband filed a motion for reargument of the Family Court's June 22 modified ancillary order. The Family Court dismissed Husband's motion to reargue as being untimely filed. The trial court went on to note, however, that even if the motion had been timely filed, it lacked merit because it was a belated attempt to relitigate issues related to the 2003 property division order. On September 7, 2007, Husband filed a notice of appeal in this Court purporting to appeal from both the June 22 order as well as the August 8 order dismissing Husband's untimely motion for reargument.
(4) After careful consideration, we find that Husband's appeal from the Family Court's June 22 order must be dismissed as untimely. It is well-settled that a motion for reargument filed in the trial court will delay the finality of a judgment, for purposes of the time period for appealing from a final judgment, only if the motion for reargument is filed in a timely manner.[3] In this case, Husband's motion for reargument should have been filed on or before July 2, 2007. The motion was not filed until July 6, 2007. This reargument period is jurisdictional and cannot be enlarged.[4] Accordingly, because Husband's untimely motion for reargument did not toll the 30-day limitations period for appealing to this Court, Husband's notice of appeal, filed on September 7, 2007, from the Family Court's June 22, 2007 order was untimely. Thus, this Court has no jurisdiction to consider Husband's untimely appeal.[5]
(4) Furthermore, we find no abuse of discretion in the Family Court's dismissal of Husband's motion for reargument. The motion clearly was untimely under Family Court Civil Rules 6(b) and 59(e). Dismissal was entirely appropriate.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court previously assigned pseudonyms to the parties by order dated September 11, 2007.
[2] The only exception was the Family Court granted Husband's request for contribution toward taxes he paid on the parties' various investment accounts for the tax years 2001, 2002, 2003, and 2004. Wife did not object to the request.
[3] McDaniel v. DaimlerChrysler Corp., 860 A.2d 321, 323 (Del. 2004).
[4] Id.; Fam. Ct. Civ. R. 6(b) (2008).
[5] Preform Bldg. Components, Inc., v. Edwards, 280 A.2d 697, 698 (Del. 1971).