IN THE SUPREME COURT OF THE STATE OF DELAWARE

JERRIN A. WRIGHT,                    §
                                     §
    Defendant Below,                 §   No. 24, 2015
    Appellant,                       §
                                     §
    v.                               §
                                     §   Court Below:  Superior Court
                                     §   of the State of Delaware,
STATE OF DELAWARE,                   §   in and for Kent County
                                     §   Cr. ID No. 9702016179
    Plaintiff Below,                 §
    Appellee.                        §
                                     §

Submitted:  March 19, 2015
Decided:    April 8, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 8th day of April 2015, upon consideration of the appellant's opening brief, the State's motion to affirm,[1] and the record below, it appears to the Court that:

(1)    The appellant, Jerrin A. Wright, filed this appeal from a Superior Court order, dated January 5, 2015, denying his motion for reconsideration. Wright sought reconsideration of a Superior Court order, dated November 25, 2014 and docketed on November 26, 2014, denying his motion for correction of an

---

[1] The appellant's motion for leave to respond to the motion to affirm is denied.  Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

illegal sentence and to vacate conviction. In his opening brief on appeal, Wright attempts to argue the merits of his motion for correction. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wright's opening brief that his appeal without merit. We agree and affirm.

(2) A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[2] Wright filed his motion for reconsideration of the Superior Court's order denying his motion for correction on December 9, 2014, more than five days (excluding intermediate Saturdays, Sundays, and legal holidays)[3] after the November 26, 2014 docketing of the Superior Court's order. Wright's motion for reconsideration was therefore untimely.[4] We affirm the Superior Court's denial of Wright's motion for reconsideration.

---

[2] Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."); Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[3] Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in computation of time period less than eleven days); Del. Super. Ct. Crim. R. 45(a) (same).

[4] In his motion for reconsideration, Wright stated that he did not receive the Superior Court's denial of his motion for correction until December 5, 2014. This did not make his motion for reconsideration timely. First, the time allotted for filing a motion for reargument under Superior Court Civil Rule 59(e) may not be extended. Super. Ct. Civ. R. 6(b). Second, this Court has declined to adopt a "mailbox rule" for prisoners. *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

(3) As to Wright's arguments regarding the merits of his motion for correction, this Court is without jurisdiction to consider those claims. Wright's untimely motion for reconsideration did not toll the time to appeal the denial of his motion for correction.[5] A timely notice of appeal from the Superior Court's order denying the motion for correction should have been filed by December 29, 2014.[6] Wright did not file a notice of appeal until January 21, 2015.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[5] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004).

[6] 10 *Del. C.* § 147; Del. Supr. Ct. R. 6(a)(iii).