IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. WEBB, JR., | § | |
| | § | |
| Defendant Below, | § | No. 307, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 9702013762 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: August 30, 2016
Decided: October 26, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 26th day of October 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, William J. Webb, Jr., filed this appeal from a Superior Court order, dated May 24, 2016, denying his motion for reargument. Webb sought reargument of a Superior Court order, dated May 10, 2016 and docketed on May 11, 2016, denying his third motion for postconviction relief under Superior Court Criminal Rule 61 because Webb had already completed his sentence for the challenged conviction. In his opening brief on appeal, Webb argues the merits of his motion for postconviction relief and motion for reargument. The State of

Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Webb's opening brief that his appeal without merit. We agree and affirm.

(2) A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[1] The Superior Court received Webb's motion for reargument on May 19, 2016, more than five days (excluding intermediate Saturdays, Sundays, and legal holidays)[2] after the May 11, 2016 docketing of the Superior Court's May 10, 2016 order. Webb's motion for reargument was therefore untimely. We affirm the Superior Court's denial of Webb's motion for reargument.

(3) As to Webb's arguments regarding the merits of his motion for postconviction relief, this Court is without jurisdiction to consider those claims. Webb's untimely motion for reargument did not toll the time to appeal the denial of his motion for postconviction relief.[3] A timely notice of appeal from the Superior Court's order denying the motion for postconviction relief should have

---

[1] Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."); Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[2] Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in computation of time period less than eleven days); Del. Super. Ct. Crim. R. 45(a) (same).

[3] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004).

been filed by June 10, 2016.[4]  Webb did not file the notice of appeal until June 17, 2016.[5]

(4)  We note that Webb has appeared in this Court multiple times in connection with Cr. ID No. 9702013762.[6]  We will not continue to invest scarce judicial resources to address meritless claims.  We encourage Webb to be mindful of Rule 61(j).[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] Del. Supr. Ct. R. 6(a)(iv).

[5] Even if Webb had filed a timely appeal of the motion for postconviction relief, he lacked standing under Rule 61 to challenge a conviction for which he had already completed the sentence.  Super. Ct. Crim. R. 61(a) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence."); *Short v. State,* 2015 WL 4199849, at *1 (Del. July 9, 2015) (rejecting claim that 2002 conviction used to enhance sentence for 2004 conviction gave defendant standing to challenge the 2002 conviction under Rule 61 even though defendant was no longer in custody on sentence imposed for 2002 conviction).

[6] *See, e.g.*, *Webb v. State*, 2008 WL 4511829, at *1 (Del. Oct. 8, 2008) (affirming Superior Court's denial of Webb's fourth motion for modification of sentence); *Webb v. State*, 2007 WL 2310111, at *1 (Del. Aug. 14, 2007) (affirming Superior Court's denial of Webb's petition for a writ of habeas corpus); *Webb v. State*, 2006 WL 3613635, at *1-2 (Del. Dec. 12, 2006) (affirming Superior Court's denial of motion for postconviction relief).

[7] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").