IN THE SUPREME COURT OF THE STATE OF DELAWARE

IDRIS YOUNG, §
§
    Defendant Below, § No. 502, 2016
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 0511017930A
    Plaintiff Below, §
    Appellee. §
§

Submitted: October 24, 2016
Decided: December 5, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 5th day of December 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Idris Young, filed this appeal from a Superior Court order, dated September 8, 2016 and docketed on September 13, 2016, denying his motion for reargument. Young sought reargument of a Superior Court order, dated and docketed on August 12, 2016, accepting the recommendation of a Superior Court commissioner and denying Young's second motion for postconviction relief under Superior Court Criminal Rule 61.

(2) In his opening brief on appeal, Young argues that the Superior Court erred in denying his motion for reargument because he had abandoned his Rule 61 claims in favor of a claim of illegal sentence under Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Young's opening brief that his appeal without merit. We agree and affirm.

(3) A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[1] The Superior Court received Young's motion for reargument on August 24, 2016, more than five days (excluding intermediate Saturdays, Sundays, and legal holidays)[2] after the Superior Court's August 12, 2016 order. Young's motion for reargument was therefore untimely. We affirm the Superior Court's denial of the motion for reargument, albeit on grounds different from those relied upon by the Superior Court.[3]

(4) As to Young's arguments regarding the merits of his motion for postconviction relief, or correction of illegal sentence as he now characterizes the motion, this Court is without jurisdiction to consider those claims. Young's

---

[1] Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."); Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[2] Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in computation of time period less than eleven days); Del. Super. Ct. Crim. R. 45(a) (same).

[3] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that this Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

2

untimely motion for reargument did not toll the time to appeal the denial of his motion for postconviction relief or correction of illegal sentence.[4] A timely notice of appeal from the Superior Court's order denying the motion for postconviction relief or correction of illegal sentence should have been filed by September 12, 2016.[5] Young did not file the notice of appeal until October 12, 2016.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004).

[5] Del. Supr. Ct. R. 6(a)(iv).

[6] Even if Young had filed a timely appeal of the August 12, 2016 order, his attacks on his sentence are without merit. Young challenged the manner in which his sentence was imposed and failed to show extraordinary circumstances justifying review of his untimely motion for sentence correction. Super. Ct. Crim. R. 35(a) (providing court may correct a sentence imposed in an illegal manner within time provided for a reduction of section); Super. Ct. Crim. R. 35(b) (providing that court will not consider motion for reduction of sentence filed more than ninety days after imposition of sentence unless movant shows extraordinary circumstances or files motion under 11 *Del. C.* § 4217); *Fennell v. State*, 2005 WL 1950215, at *1 (Del. July 19, 2005) (holding that motion for correction of sentence objecting to enhanced sentence imposed in absence of proof of predicate offense sought correction of sentence imposed in an illegal manner).