**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| LORENZO I. GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N16C-03-185 ASB |
| GEORGIA PACIFIC LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

August 18, 2017

*Upon Plaintiff's Motion for Partial Reargument/Reconsideration*
**DENIED**.

Plaintiff filed a Motion for Partial Reargument and Reconsideration on July 25, 2017, requesting that the Court modify its July 20, 2017 Order granting partial summary judgment. Specifically, Plaintiff argues that the Court over-looked the fact that Defendant Georgia-Pacific stopped distributing asbestos joint compound in September of 1973, and the Court's Order barred all claims against Defendant "pre-1973." In response to this Motion, Defendant first argues that Plaintiff's Motion was untimely. On July 7, 2017 this Court granted Defendant's Motion for Partial Summary Judgment at Oral Argument. The Order was entered on July 20, 2017, and Plaintiff filed a Motion for Reargument and Reconsideration on July 25, 2017.

Under Delaware law, a Rule 59 (e) motion must be filed within 5 days of the filing of the court's order sought to be reviewed.[1] The Court's Order was filed on July 20, and Plaintiff filed his Motion on July 25. Therefore, Plaintiff's Motion is timely. In addition, Defendant argues that the Court properly granted partial summary judgment relating to Plaintiff's pre-1973 claims because the Court's holding was based on a *Stigliano* analysis.

On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[2] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[4] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest

---

[1] *See McDaniel v. DaimlerChrysler Corp.,* 860 A.2d 321 (Del. 2004)("Superior Court Civil Rule 59(e), however, clearly states that a motion for reargument 'shall be served and filed within 5 days after the filing of the Court's opinion or decision'.").

[2] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).

[3] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[4] *Id.*

injustice."[5]

Defendant's argument prevails on this Motion.  As Defendant points out, the Court granted partial summary judgement because Defendant manufactured both asbestos containing and non-asbestos containing joint compound beginning in 1973, and there was no evidence that Plaintiff worked with Defendant's asbestos containing joint compound *post* 1973.  The September 1973 date asserted by Plaintiff is only relevant to the Acme, Texas distribution of Defendant's products. For the aforementioned reasons, Plaintiff's Motion for Partial Reargument and Reconsideration is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[5] *Brenner*, 2000 WL 972649, at *1.