IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES THOMAS, | § | |
| | § | |
| Defendant Below, | § | No. 421, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 93K01153DI (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 5, 2018
Decided: January 15, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     On August 14, 2018, the appellant, James Thomas, filed this appeal from a Superior Court order, dated and docketed on July 11, 2018, summarily dismissing his third motion for postconviction relief under Superior Court Criminal Rule 61 and a Superior Court order, dated and docketed on July 31, 2018, denying his motion for reargument of the July 11, 2018 order.

(2)     In his opening brief on appeal, Thomas argues the merits of his ineffective assistance of counsel claims. The State of Delaware has filed a motion

to affirm the judgment below on the ground that it is manifest on the face of Thomas' opening brief that his appeal is without merit. We agree and affirm.

(3) A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[1] The Superior Court received Thomas' motion for reargument on July 23, 2018, more than five days (excluding intermediate Saturdays, Sundays, and legal holidays)[2] after the Superior Court's July 11, 2018 order. Thomas' motion for reargument was therefore untimely. We affirm the Superior Court's denial of the motion for reargument, albeit on grounds different from those relied upon by the Superior Court.[3]

(4) As to Thomas' arguments regarding the merits of his motion for postconviction relief, this Court is without jurisdiction to consider those claims. Thomas' untimely motion for reargument did not toll the time to appeal the denial of his motion for postconviction relief.[4] A timely notice of appeal from the Superior

---

[1] Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."); Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[2] Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in computation of time period less than eleven days); Del. Super. Ct. Crim. R. 45(a) (same).

[3] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that this Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

[4] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004).

Court's order denying the motion for postconviction relief should have been filed by August 10, 2018.[5] Thomas filed the notice of appeal on August 14, 2018.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] Del. Supr. Ct. R. 6(a)(iv).

[6] Even if Thomas had filed a timely appeal of the July 11, 2018 order, the Superior Court did not err in finding that Thomas' third motion for postconviction was procedurally barred by Rule 61(d)(2).