IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE B. DICKENS, §
§
 Plaintiff Below, § No. 219, 2018
 Appellant, §
§
 v. § Court Below—Superior Court
§ of the State of Delaware
COMISSIONER ROBERT COUPE, §
JANET DURKEE, TONYA SMITH, § C.A. No. N16C-05-255
and TERA BENCH, §
§
 Defendants Below, §
 Appellees. §

Submitted: January 11, 2019
Decided: March 13, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The plaintiff below-appellant, Lawrence B. Dickens, filed this appeal from a Superior Court order, dated April 3, 2018, denying his motion for reargument. After careful consideration of the parties' arguments, we affirm the Superior Court's judgment.

(2) On May 23, 2016, Dickens, an inmate at James T. Vaughn Correctional Center, filed a complaint against Department of Correction employees in the Superior Court. Dickens alleged that he was not paid as a skilled worker in

accordance with a 2005 grievance procedure that entitled him to 44 cents per hour. The complaint referenced an Exhibit A, which was a January 29, 2013 letter listing his pay rates between 2001 and 2011 (initially 18 cents, then 42 cents, and finally 33 cents) and stating he would not receive additional compensation, and an Exhibit B, a cosmetologist license that expired in 1988. Additional correspondence dating from 2004 to 2015 appeared as Exhibit C.

(3)     After the defendants filed an answer (which included a statute of limitations defense) to the complaint and Dickens filed an unsuccessful motion for appointment of counsel and several motions for extensions, Dickens filed a motion to amend the complaint on September 13, 2017. He sought to substitute parties and recover punitive damages. The defendants opposed the motion on multiple grounds, including the statute of limitations.

(4)     In an opinion dated January 10, 2018, the Superior Court dismissed the complaint as time-barred and denied the motion to amend as moot. The Superior Court held that regardless of whether a one-year[1] or three-year statute of limitations[2] applied to Dickens' claims, the statute of limitations had expired. Dickens had

---

[1] 10 *Del. C.* § 8111 ("No action for recovery upon a claim for wages…shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based.")

[2] 10 *Del. C.* § 8106(a) (providing that no action based on a promise or to recover damages caused by an injury unaccompanied by force shall be brought more than three years after the cause of action accrues).

known of the reduction in his pay rate since the January 29, 2013 letter, but did not file his complaint until May 23, 2016.

(5) On January 24, 2018, Dickens filed a motion for reargument, asserting new facts in support of his claims. The defendants opposed the motion. On April 10, 2018, the Superior Court denied the motion. This appeal followed.

(6) On appeal, Dickens argues that the Superior Court erred in finding his claims time-barred. He alleges facts that did not appear in his complaint or motion to amend in support of this argument. The defendants argue that Dickens' claims were time-barred.

(7) As an initial matter, we note that Dickens' motion for reargument was untimely and did not toll the time to appeal the dismissal of his complaint. A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[3] The Superior Court received Dickens' motion for reargument on January 24, 2018, more than five days (excluding intermediate Saturdays, Sundays, and legal holidays)[4] after the Superior Court's January 10, 2018 order. We therefore affirm the Superior Court's denial of the motion for reargument, albeit on grounds different from those relied upon by the Superior Court.[5]

---

[3] Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision.").

[4] Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in computation of time period less than eleven days).

[5] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that this Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

(8)     Dickens' untimely motion for reargument did not toll the time to appeal the Superior Court's dismissal of his complaint.[6]  A timely notice of appeal from the Superior Court's order dismissing his should have been filed by February 9, 2018,[7] but Dickens filed his notice of appeal on April 26, 2018.  Even if Dickens had filed a timely appeal, the Superior Court did not err in dismissing his complaint as time-barred.  Dickens alleged in his complaint that he was underpaid based on a 2005 grievance procedure entitling him to 44 cents per hour.  He had known since January 2013 that the Department of Correction paid him at a reduced rate, but he did not file his complaint until May 23, 2016.  Regardless of whether Dickens' claims were subject to a one-year or three-year statute of limitations, the statute of limitations had run by the time he filed his complaint.  As far as Dickens' argument that he was seeking to recover for his underpayment after the January 2013 letter, he did not assert that claim or allege any facts in support of that claim until his motion for reargument.  The proper purpose of a motion for reargument is to ask the trial court to reconsider whether it overlooked an applicable legal principle or misapprehended the law or facts, not to raise new facts and arguments.[8]

---

[6] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004).
[7] Del. Supr. Ct. R. 6(a)(ii).
[8] *Chrin v. Ibrix Inc.*, 2012 WL 6737780, at *2 (Del. Dec. 31, 2012).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice