IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. MAPP, JR., | § | |
| | § | No. 287, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K21M-05-016 |
| STATE OF DELAWARE, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted:  November 4, 2021
Decided:     December 9, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1)    The appellant, James A. Mapp, Jr. (formerly James A. Thomas), filed this appeal from the Superior Court's denial of his motion for reconsideration of the Superior Court's denial of his petition for a writ of habeas corpus.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mapp's opening brief that his appeal is without merit.  We agree and affirm.

(2) In June 1993, Mapp pleaded guilty to first-degree unlawful sexual intercourse and second-degree unlawful sexual intercourse. After a presentence investigation, the Superior Court sentenced Mapp to life imprisonment, plus twenty years. Mapp did not file a direct appeal, but has filed multiple motions for postconviction relief or for correction or reduction of his sentence, as well as a federal petition for a writ of habeas corpus.[1]

(3) On May 11, 2021, Mapp filed a petition for writ of habeas corpus. On May 13, 2021, the Superior Court dismissed the petition, finding that Mapp was lawfully detained pursuant to a sentencing order dated August 27, 1993. On May 26, 2021, Mapp filed an untimely motion for reconsideration.[2] On August 24, 2021, the Superior Court denied the motion, finding there was no basis for reargument. On September 13, 2021, Mapp filed this appeal.

(4) As he did below, Mapp argues that he is entitled to habeas corpus relief and resentencing under *Miller v. Alabama*[3] because he was in his 20s at the time of his crimes. Even assuming Mapp had filed a timely motion for reargument that

---

[1] *E.g., Thomas v. Snyder*, 2001 WL 1297812 (D. Del. Oct. 3, 2001); *Thomas v. State*, 2019 WL 211812 (Del. Jan. 15, 2019); *Thomas v. State*, 2015 WL 3551981 (Del. June 5, 2015); *Thomas v. State,* 1997 WL 45063 (Del. Jan. 23, 1997).
[2] A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue. Super. Ct. Civ. R. 59(e).
[3] 567 U.S. 460 (2012).

2

tolled his time to appeal the dismissal of his petition for a writ of a habeas corpus,[4] Mapp's arguments are without merit.

(5)     Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[5]  Where the commitment is regular on its face and the court has jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[6]  Under 10 *Del. C.* § 6902(1), a writ of habeas corpus may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."

(6)     Mapp has not demonstrated that the sentencing order was irregular on its face or that the Superior Court lacked jurisdiction to sentence him for his convictions.  *Miller v. Alabama*, in which the United States Supreme Court held that mandatory sentences of life without parole for juvenile offenders violated the Eighth Amendment, does not entitle Mapp to relief as he was not a juvenile at the time of his crimes.

---

[4] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 322 (Del. 2004) (holding that only a timely motion for reargument tolls the time to appeal a final judgment).

[5] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[6] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

3

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice