# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLEN SNIPE AND MARIA SNIPE, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-08-003 JRJ |
| | ) | |
| BOULDEN SERVICES, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

Date Submitted: January 31, 2024
Date Decided: February 8, 2024

## ORDER

Upon consideration of Appellants' letter motion for "Clarification of the timing, and filing of the Appeal" ("Motion for Reargument"),[1] Appellee's Response thereto ("Response"),[2] and the record in this case, **IT APPEARS THAT:**

(1) On January 3, 2024, the Court granted Appellee's motion to dismiss Appellants' appeal from the Court of Common Pleas because it was untimely.[3]

(2) On January 12, 2024, Appellants filed the instant Motion for Reargument, arguing their "appeal was filed within the courts time frame."[4]

---

[1] Appellants' Mot. for Reargument, Trans. ID 71854923 (Jan. 23, 2024). The Court construes Appellants' letter as a Motion for Reargument pursuant to Superior Court Civil Rule 59(e).
[2] Appellee's Resp. to Appellants' Mot. for Reargument, Trans. ID 71916285 (Jan. 31, 2024).
[3] *See* Order, Trans. ID 71732409 (Jan. 3, 2024). Appellants had until July 28, 2023, to file their appeal of the Court of Common Pleas decision. *Id.* at 3 n.16; *see* 10 *Del. C.* § 1326(b) ("The appeal shall be taken within 30 days of the final order, ruling, decision or judgment."). Appellants' appeal was docketed on August 14, 2023. Order at 3.
[4] Appellants' Mot. for Reargument.

(3)     In response, Appellee argues that Appellants' Motion for Reargument is untimely and without merit.[5]

(4)     A motion for reargument is governed by Superior Court Civil Rule 59(e).[6]  Pursuant to Rule 59(e), the motion will be granted "only if the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[7]  A motion for reargument "shall be served and filed within 5 days after the filing of the Court's opinion or decision."[8]

(5)     The Court's Order dismissing the appeal was filed on January 3, 2024.[9]  Appellants did not file their Motion for Reargument until January 12, 2024,[10] seven business days after the Court filed the Order.  As a result, the Motion for Reargument is untimely.[11]

(6)     Even, assuming *arguendo*, the Motion for Reargument was timely filed, Appellants' Motion for Reargument fails.  Appellants do not argue that the Court's January 3, 2024 Order dismissing the appeal was based on a material misapplication

---

[5] Appellee's Resp. to Appellants' Mot. for Reargument.
[6] Super. Ct. Civ. R. 59(e).
[7] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016) (internal quotation marks omitted) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[8] Super. Ct. Civ. R. 59(e).
[9] Order.
[10] Appellants' Mot. for Reargument.
[11] *See McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) (holding "[t]he reargument period cannot be enlarged.").

of law or a misapprehension of the facts.  Instead, Appellants focus on events that occurred after the 30-day appeal window had closed.[12]  As noted in the Order, "[the] Court lacks jurisdiction to decide a direct appeal that is untimely and jurisdictional defects cannot be waived."[13]

**NOW, THEREFORE,** for the foregoing reasons, Appellants' Motion for Reargument must be **DENIED.**

**IT IS SO ORDERED**.

                                                /s/ Jan R. Jurden

                                        Jan R. Jurden, President Judge

Original to Prothonotary

cc:  Allen Snipe and Maria Snipe, *pro se*
     Victoria K. Petrone, Esq.

---

[12] Appellants' Mot. for Reargument.  Appellants assert they filed their appeal on August 9, 2023, but that is too late.  The 30-day window closed on July 28, 2023.  *See* Order at 3 n.16.
[13] *Malawi v. PHI Service Company,* 2012 WL 6945506, at *2 (Del. Super. Oct. 12, 2012).