IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA ANDERSON, | § | |
| | § | No. 93, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24C-10-460 |
| DEPARTMENT OF HEALTH AND | § | |
| SOCIAL SERVICES, DIVISION OF | § | |
| PUBLIC HEALTH, OFFICE OF | § | |
| FOOD PROTECTION, | § | |
| | § | |
| Defendant Below, Appellee. | § | |

Submitted: March 14, 2025
Decided: March 31, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

(1)     On October 28, 2024, the appellant, Alicia Anderson, filed a complaint in the Superior Court alleging that in February 2022 the defendant-appellee cited a restaurant in Newark, Delaware for various food-safety violations, after previously closing the restaurant for such violations in January 2019. The complaint alleged that Anderson entered the restaurant in October 2022. It further alleged that the defendant-appellee violated various commercial regulations and its own mission and vision statements and negligently allowed the restaurant to violate food-safety regulations. Anderson sought damages of $5 million and requested that the court

require the defendant-appellee to mandate that food-service establishments display food-service laws for consumers.

(2)     The complaint was accompanied by a motion to proceed *in forma pauperis*.   The Superior Court dismissed the complaint upon initial review,[1] concluding that it plainly appeared from the face of the complaint that Anderson was not entitled to relief.   The order further stated that the complaint did "not state a claim for relief and/or" the defendant-appellee is immune from suit.   The Superior Court's order dismissing the complaint was docketed on December 10, 2024.

(3)     On January 2, 2025, Anderson filed a motion for reconsideration.   The Superior Court denied the motion on January 30, 2025, and Anderson appealed to this Court.   The Senior Court Clerk issued a notice to show cause why the appeal should not be dismissed because (i) Anderson did not serve the appellee before filing the appeal, as required by Supreme Court Rule 10; and (ii) permitting service now would be futile because the notice of appeal was filed more than thirty days after the

---

[1] *See* 10 *Del. C.* § 8803(b) ("Upon establishing the amount of fees and costs to be paid, the court shall review the complaint.  Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised.  Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious.  Service of process shall not issue unless and until the court grants leave following its review."); *see also Price v. Boulos*, 283 A.3d 580, 2022 WL 3222340, at *2 (TABLE) (Del. Aug. 9, 2022) (internal quotations omitted) ("Dismissal of an indigent plaintiff's complaint as legally frivolous is warranted in those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit.").

Superior Court's order dismissing the complaint was docketed, and Anderson's motion for reconsideration was untimely.

(4)    In response to the notice to show cause, Anderson asserts that she received the dismissal order on December 18, 2024, and mailed the motion for reconsideration on December 28, 2024.  She also argues that the Superior Court did not provide her with notice and an opportunity to respond, as provided in Superior Court Rule of Civil Procedure 41(e), before dismissing the complaint.[2]

(5)    A timely filed motion for reargument is the appropriate device for seeking reconsideration of a trial court's decision,[3] including on the grounds that the decision was procedurally improper.  In the Superior Court, a litigant must file such a motion within five days of when the challenged order is filed.[4]  Intermediate Saturdays, Sundays, and legal holidays are excluded in the computation of that deadline.[5]  Thus, Anderson's motion seeking reconsideration of the Superior Court's order dismissing her complaint was due December 17, 2024.  Even if the deadline were calculated from December 18, 2024, the date that Anderson states that she

---

[2] *But cf.* 10 *Del. C.* § 8803(b) (providing for dismissal of complaint upon initial review under certain circumstances); Del. Super. Ct. R. Civ. Proc. 41(f) (authorizing dismissal without notice when a complaint "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail").

[3] *Samuel v. State*, 3 A.3d 1098, 2010 WL 3245109, at *1 (TABLE) (Del. Aug. 17, 2010).

[4] *Id.*; *see* Del. Super. Ct. R. Civ. Proc. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision.").

[5] Del. Super. Ct. R. Civ. Proc. 6(a).

received the order—which is not the rule—the motion would have been due December 26, 2024. Anderson's motion was untimely, and it therefore did not toll the time for filing an appeal from the Superior Court's dismissal of her complaint.[6] Thus, the Superior Court's order dismissing Anderson's complaint was final more than thirty days before she filed this appeal, and it would be futile to permit Anderson to serve the appellee now in this appeal from the Superior Court's order denying the motion for reconsideration. The appeal is therefore dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[6] *See McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) (stating that "a motion for reargument will delay the finality of a judgment only if it is filed in a timely manner" and rejecting contention that the five-day period established in Superior Court Civil Rule 59(e) is enlarged when the court mails the decision to the parties).