IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA ANDERSON, | § | |
| | § | No. 92, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24C-11-225 |
| CHRISTIANA CARE HEALTH | § | |
| SERVICES, INC./CHRISTIANA | § | |
| CARE, | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted: March 14, 2025
Decided: March 31, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

(1)    On November 25, 2024, the appellant, Alicia Anderson, filed a complaint in the Superior Court alleging as follows:

> On or about October 2022 to ongoing, defendant has but not limited to medical malpractice, negligence, committed fraud, administration of improper/defective substance, negligence to treatment, refusing urgent medical care, failure to safeguard patient from physical and health hazards, uniform commercial code, false advertising, delay in medication, refusing medication, corporate negligence doctrine, breach of duty, discrimination, refusing testing, using personal information without consent, collecting, storing, etc. personal information without consent, abuse of authority, harassment, etc.

The complaint did not allege any facts in support of those conclusory assertions.

Anderson sought $100 million in damages.

(2) The complaint was accompanied by a motion to proceed *in forma pauperis*. The Superior Court dismissed the complaint upon initial review,[1] concluding that it plainly appeared from the face of the complaint that Anderson was not entitled to relief. The court further explained that a complaint must contain facts showing that the plaintiff is entitled to relief and provided that the dismissal was without prejudice to the filing of a complaint setting forth sufficient facts. The Superior Court's order dismissing the complaint was docketed on December 10, 2024.

(3) On January 2, 2025, Anderson filed a motion for reconsideration. The Superior Court denied the motion on January 30, 2025, and Anderson appealed to this Court. The Senior Court Clerk issued a notice to show cause why the appeal should not be dismissed because (i) Anderson did not serve the appellee before filing the appeal, as required by Supreme Court Rule 10; and (ii) permitting service now would be futile because the notice of appeal was filed more than thirty days after the Superior Court's order dismissing the complaint was docketed, and Anderson's motion for reconsideration was untimely.

---

[1] *See* 10 *Del. C.* § 8803(b) ("Upon establishing the amount of fees and costs to be paid, the court shall review the complaint. Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised. Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious. Service of process shall not issue unless and until the court grants leave following its review.").

(4) In response to the notice to show cause, Anderson asserts that she received the Superior Court's dismissal order on December 18, 2024, and mailed the motion for reconsideration on December 28, 2024. She also argues that the Superior Court did not provide her with notice and an opportunity to respond, as provided in Superior Court Rule of Civil Procedure 41(e), before dismissing the complaint.[2]

(5) A timely filed motion for reargument is the appropriate device for seeking reconsideration of a trial court's decision,[3] including on the grounds that the decision was procedurally improper. In the Superior Court, a litigant must file such a motion within five days of when the challenged order is filed.[4] Intermediate Saturdays, Sundays, and legal holidays are excluded in the computation of that deadline.[5] Thus, Anderson's motion seeking reconsideration of the Superior Court's order dismissing her complaint was due December 17, 2024. Even if the deadline were calculated from December 18, 2024, the date that Anderson states that she received the order—which is not the rule—the motion would have been due December 26, 2024. Anderson's motion for reconsideration was untimely, and it

---

[2] *But cf. id.* (providing for dismissal of complaint upon initial review under certain circumstances); Del. Super. Ct. R. Civ. Proc. 41(f) (authorizing dismissal without notice when a complaint "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail").

[3] *Samuel v. State*, 3 A.3d 1098, 2010 WL 3245109, at *1 (TABLE) (Del. Aug. 17, 2010).

[4] *Id.*; *see also* Del. Super. Ct. R. Civ. Proc. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision.").

[5] Del. Super. Ct. R. Civ. Proc. 6(a).

therefore did not toll the time for filing an appeal from the Superior Court's dismissal of her complaint.[6] Accordingly, the Superior Court's order dismissing Anderson's complaint was final more than thirty days before she filed this appeal, and it would be futile to permit Anderson to serve the appellee now in this appeal from the Superior Court's order denying the motion for reconsideration. The appeal is therefore dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[6] *See McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) (stating that "a motion for reargument will delay the finality of a judgment only if it is filed in a timely manner" and rejecting contention that the five-day period established in Superior Court Civil Rule 59(e) is extended when the court mails the decision to the parties). We note that the Superior Court dismissed Anderson's complaint without prejudice, and she could have simply filed a new complaint alleging the factual basis for her claims, as the Superior Court guided her to do. Instead, she elected to file an untimely motion for reconsideration.