IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA ANDERSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 183, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| VALVOLINE, INC., VALVOLINE | § | C.A. No. N24C-12-125 |
| INSTANT OIL CHANGE, HENLEY | § | |
| ENTERPRISES,INC./MID- | § | |
| ATLANTIC LUBES, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: May 19, 2025
Decided: June 6, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On April 25, 2025, the appellant, Alicia Anderson, filed a notice of appeal from a Superior Court order, docketed on January 13, 2025, denying her untimely motion for reconsideration of a Superior Court order, docketed on December 23, 2024, dismissing her complaint as factually frivolous and legally frivolous under 10 *Del. C.* § 8803(b). The complaint identified several entities as defendants and listed multiple civil and criminal statutes, but did not plead any facts

concerning the applicability or violation of the identified statutes and the basis for the $900,000 in damages Anderson sought. Under Supreme Court Rule 6(a), a timely notice of appeal from (i) the dismissal of the complaint would have been filed by January 22, 2025; and (ii) the denial of the motion for reconsideration would have been filed by February 12, 2025.

(2) The Senior Court Clerk issued a notice directing Anderson to show cause why the appeal should not be dismissed because (i) Anderson did not serve the appellees before filing the appeal, as required by Supreme Court Rule 10; and (ii) permitting service now would be futile because the notice of appeal was filed more than thirty days after the Superior Court's orders dismissing the complaint and the untimely motion for reconsideration.

(3) In response to the notice show cause, Anderson argues that the Superior Court did not provide her with notice and an opportunity to respond, as provided in Superior Court Rule of Civil Procedure 41(e), before dismissing her complaint[1] and that she was not notified of the denial of her motion for reconsideration until April 1, 2025. She also contends that she could not serve the appellees with the notice of appeal because the Superior Court did not authorize service of her complaint.

---

[1] *But cf. id*. (providing for dismissal of complaint upon initial review under certain circumstances); Del. Super. Ct. R. Civ. Proc. 41(f) (authorizing dismissal without notice when a complaint "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail").

(4)   Time is a jurisdictional requirement.[2]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(5)   A timely filed motion for reargument is the appropriate device for seeking reconsideration of a trial court's decision,[5] including on the grounds that the decision was procedurally improper.  In the Superior Court, a litigant must file such a motion within five days of when the challenged order is filed.[6]  Intermediate Saturdays, Sundays, and legal holidays are excluded in the computation of that deadline.[7]

(6)   Thus, Anderson's motion for reconsideration of the Superior Court's order dismissing her complaint was due on January 2, 2025.  Anderson's motion for reconsideration, dated January 7, 2025 and docketed on January 13, 2025,  was untimely, and it therefore did not toll the time for filing an appeal from the Superior

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Carr*, 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Samuel v. State*, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010).
[6] Del. Super. Ct. R. Civ. Proc. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision.").
[7] *Id.* 6(a).

Court's dismissal of her complaint.[8]  Even assuming Anderson could demonstrate that her failure file a timely notice of appeal from the denial of her motion for reconsideration was attributable to court-related personnel, that motion was untimely and did not toll the time for appeal of the order dismissing her complaint.  The appeal is therefore dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *See McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) (stating that "a motion for reargument will delay the finality of a judgment only if it is filed in a timely manner" and rejecting contention that the five-day period established in Superior Court Civil Rule 59(e) is enlarged when the court mails the decision to the parties).