IN THE SUPREME COURT OF THE STATE OF DELAWARE

OWEN STEVENS,[1]      §
     § No. 214, 2025
     Respondent Below,      §
     Appellant,      § Court Below–Family Court
     § of the State of Delaware
     v.      §
     § File No. CK23-02898
MILA BROWN,      § Petition No. 23-24872
     §
     Petitioner Below,      §
     Appellee.      §

Submitted: December 5, 2025
Decided: February 13, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1) On May 13, 2025, the appellant, Owen Stevens ("Ex-Husband"), filed a notice of appeal from a Family Court order, dated and docketed April 14, 2025, denying his motion to reargue or reopen ancillary proceedings related to his divorce from the appellee, Mila Brown ("Ex-Wife"). We find no merit to the appeal and therefore affirm.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The record reflects that the parties married on June 1, 2012. In 2023, Ex-Wife petitioned for divorce and asked the Family Court to retain jurisdiction over ancillary matters. The Family Court entered a divorce decree on March 13, 2024. On April 17, Ex-Wife mailed an ancillary financial disclosure report (AFDR) containing her financial information to Ex-Husband. Under Family Court Civil Procedure Rule 61(c)(1), Ex-Husband had 30 days to complete the AFDR with his financial information and file it with the court. Ex-Husband failed to do so. On June 4, Ex-Wife filed her completed portion of the AFDR independently.

(3) Following a case management conference, the Family Court scheduled a pretrial conference for October 24 and an evidentiary hearing for November 20. The Family Court's scheduling order also directed the parties to file a completed ancillary pretrial stipulation (APS) at least seven days before the pretrial conference. In preparation for trial, Ex-Wife asked Ex-Husband to produce any documents in his possession that were relevant to the division of the parties' marital estate. Ex-Husband failed to respond, prompting Ex-Wife to file a motion to compel. On November 14, the court granted Ex-Wife's motion to compel and ordered Ex-Husband to reimburse Ex-Wife $800 in attorney fees. Because Ex-Husband had not completed his portion of the APS by the court's deadline, Ex-Wife filed her completed portion of the APS independently on November 15.

(4)     The parties convened as scheduled for trial, and Ex-Wife presented evidence of the value of the parties' assets.  On February 17, 2025, the Family Court entered a written order dividing the parties' marital assets 70%–30% in favor of Ex-Wife.  On March 19, 2025, Ex-Husband moved to reargue or reopen the ancillary proceedings under Family Court Civil Procedure Rules 59 and 60(b).  Ex-Wife opposed the motion.  By way of order dated April 14, 2025, the Family Court denied Ex-Husband's motion, finding that it was an untimely motion for reargument and that Ex-Husband had failed to allege a basis for reopening the judgment under Rule 60(b). Ex-Husband appeals.

(5)     On appeal, Ex-Husband raises several claims of error related to the Family Court's division of the parties' marital estate.  Ex-Husband does not argue that the Family Court erred when it denied his motion to reargue or reopen the ancillary proceedings.  In any event and as explained below, the Court is without jurisdiction to consider Ex-Husband's arguments concerning the merits of the Family Court's February 17 decision, and the Family Court did not err when it denied Ex-Husband's motion to reargue or reopen.

(6)     We review the denial of a motion for reargument for an abuse of discretion.[2]  Under Rule 59, a motion for reargument must be filed within 15 days

---

[2] *Shultz v. Satchel*, 2019 WL 125677, at *2 (Del. Jan. 7, 2019).

of the filing of the order that the movant seeks to reargue.[3] Ex-Husband filed his motion for reargument on March 19, more than 15 days after the Family Court's February 17 order dividing the parties' marital estate. The Family Court therefore properly denied the motion as untimely. And Ex-Husband's untimely motion for reargument did not toll the time to appeal the Family Court's February 17 order.[4] A timely notice of appeal from the February 17 order was due on or before March 19.[5] But Ex-Husband did not file his notice of appeal until May 13. The Court is therefore without jurisdiction to consider Ex-Husband's arguments concerning the merits of the Family Court's order dividing the marital estate.

(7) We also review the Family Court's denial of a motion to reopen for an abuse of discretion.[6] Ex-Husband sought to reopen the ancillary proceedings under Rule 60(b)(1), which gives the Family Court the discretion to relieve a party from a judgment upon a showing of excusable neglect.[7] To qualify for relief under this rule, the moving party must demonstrate that: (i) his conduct constituted excusable neglect, (ii) the outcome of the action may be different if the motion is granted, and (iii) the nonmoving party will not suffer substantial prejudice if the motion is

---

[3] Del. Fam. Ct. Civ. P. R. 59(e).
[4] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004).
[5] Del. Supr. Ct. R. 6(a)(i).
[6] *Shultz*, 2019 WL 125677, at *2.
[7] Del. Fam. Ct. Civ. P. R. 60(b)(1).

granted.[8]  Here, the Family Court found that Ex-Husband had failed to show that his conduct constituted excusable neglect because he: (i) failed to complete an AFDR as required by Rule 16(c), (ii) failed to respond to Ex-Wife's discovery request, (iii) failed to comply with the court's order compelling him to respond to Ex-Wife's discovery request, and (iv) appeared at trial without evidence.  Under the circumstances, we conclude that the Family Court did not abuse its discretion when it declined to reopen the ancillary proceedings.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] *Rash v. Wilkins*, 2007 WL 2827685, at *2 (Del. Oct. 1, 2007).