## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES THOMPSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 219, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| JEFFREY FERNBACH and | § | C.A. No. S20C-08-025 |
| FERNMOOR HOMES, INC. a/k/a | § | |
| FERNMOOR HOMES AT | § | |
| WOODLANDS PEPPER CREEK, | § | |
| DE LLC, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 14, 2022
Decided: December 21, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     On June 27, 2022, the plaintiff below-appellant, James Thompson, filed this appeal from the Superior Court's order, dated June 7, 2022, denying his motion for reconsideration of the Superior Court's order, dated April 1, 2022, granting the motion for summary judgment filed by the defendants below-appellees, Jeffrey Fernbach and Fernmoor Homes, Inc. a/k/a Fernmoor Homes at Woodlands Pepper

Creek, DE LLC (collectively, "Employer"). For the reasons set forth below, we affirm the Superior Court's judgment.

(2)  On August 18, 2020, Thompson filed a complaint against Employer for violating 19 *Del. C.* § 2365. Section 2365 provides that it is unlawful for an employer to discharge, retaliate, or discriminate against an employee based on the employee seeking workers' compensation benefits. Thompson alleged that Employer had engaged in retaliation by terminating him as a model home host shortly after he sought workers' compensation benefits for a workplace injury he suffered in October 2016. On January 12, 2017, Employer notified Thompson that January 20, 2017 would be his last day due to declining activity at the model home. Employer advised that it would reach out if Thompson was needed in the spring and hoped to have him back then.

(3)  Employer did not contact Thompson about returning. In a letter dated November 19, 2018, Thompson's counsel demanded that Employer pay Thompson a year-and-a-half of salary. In a letter dated December 15, 2018, Employer's counsel stated that Thompson was terminated in January 2017 for lack of business.

(4)  After the Superior Court denied Thompson's motion for default judgment on November 6, 2020 and Employer's motion to dismiss on December 18, 2020, the parties engaged in discovery. On September 30, 2021, Employer filed a motion for summary judgment. Employer argued, among other things, that the

2

two-year statute of limitations under Section 2365 began to run on January 20, 2017, Thompson's last day of employment, and had expired by the time Thompson filed his complaint on August 18, 2020. Thompson argued that the two-year statute of limitations did not begin to run until December 15, 2018 when he learned for the first time that he had been terminated in January 2017, not temporarily laid off.

(5) On April 1, 2022, the Superior Court issued a decision granting the motion for summary judgment. The Superior Court held that Thompson's action was barred by the two-year statute of limitations and that there was no causal connection between Thompson's filing for workers' compensation and termination.

(6) On May 17, 2022, Thompson filed a motion for reconsideration. He asserted, among other things, that he did not receive a hard copy of the April 1, 2022 decision until April 21, 2022. Employer opposed the motion as untimely. On June 7, 2022, the Superior Court denied the motion as untimely under Superior Court Civil Rule 59(e), which requires the filing of a motion for reargument within five days of the filing of the Superior Court's decision. Even using April 21, 2022 as the operative date, the Superior Court found Thompson's May 17, 2022 motion for reconsideration would be untimely. This appeal followed.

(7) On appeal, Thompson argues that the Superior Court erred in granting Employer's motion for summary judgment. He does not address the Superior Court's denial of his untimely motion for reargument. Employer argues that this

3

Court lacks jurisdiction to consider Thompson's arguments regarding the Superior Court's summary judgment decision because he did not appeal that decision to this Court within thirty days of April 1, 2022. Employer is correct.

(8) A timely filed motion for reargument is the proper device for seeking reconsideration of a trial court's findings of fact and conclusions of law.[1] In the Superior Court, a motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[2] The Superior Court granted Employer's motion for summary judgment on April 1, 2022. Thompson did not file his motion for reconsideration, which was equivalent to a motion for reargument, until May 17, 2022. Even if the five-day period to file a motion for reargument ran from April 21, 2022 when Thompson says he received the Superior Court's April 1, 2022 decision, Thompson did not file his motion until May 17, 2022, long after the five-day period had expired. The Superior Court did not err in denying Thompson's untimely motion for reargument.

(9) An untimely motion for reargument does not toll the time for filing an appeal in this Court.[3] Because the motion for reargument was untimely and Thompson did not file this appeal until more than the thirty days after the Superior

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

[2] Del. Super. Ct. Civ. R. 59(e).

[3] *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) ("[A] motion for reargument will delay the finality of a judgment only if it is filed in a timely manner.").

Court's decision granting summary judgment in favor of Employer, this Court lacks jurisdiction to consider Thompson's claims concerning the Superior Court's summary judgment decision.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice